

# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRCT OF MICHIGAN

GWANJUN KIM
10133 Lapeer Rd # 316
Davison, MI 48423

*Plaintiff,*

Case: 2:20-cv-12264
Judge: Lawson, David M.
MJ: Whalen, R. Steven
Filed: 08-13-2020
CMP KIM VS CITY OF IONIA, ET AL (DP)

## COMPLAINT AND REQUEST FOR INJUNCTION

Vs.

City of Ionia; Jason Eppler; Thomas Troy; Jennifer Skorka; Brandon Anderson
114 N Kidd St
Ionia, MI 48846

David K. Otis (P31627)Plunkett Cooney
325 E. Grand River Ave, Ste 250
East Lansing, MI 48823

*Defendants*

**COMPLAINT AND REQUEST FOR INJUNCTION**

Plaintiff GwanJun Kim(Kim) files this Complaint against City of Ionia *el,al*

(Ionia) and alleges as follows.

**INTRODUCTION**

A. Plaintiff

Plaintiff GWANJUN KIM is a citizen of the United States and a resident of

Michigan over 40 years and alumni of Michigan State University Criminal Justice,

and his English as Third Language, and Kim requests for excuse his grammar

errors.

B. Six (6) *Kim III*, Defendants

Jennifer Skorka; Brandon Anderson; Troy Thomas; Jason Eppler; City of

Ionia (Ionia)

> 114 N Kidd St
> Ionia, MI 48846
>
> David K. Otis (P31627)Plunkett Cooney
>
> 325 E. Grand River Ave, Ste 250
> East Lansing, MI 48823

1.      Defendants –City of Ionia and David K. Otis (P31627)Plunkett Cooney

(IONIA), engage in Racketeer Influenced and Corrupt Organizations

1

(RICO)[1]", made a case law that defendants have a right Defendants were removed to the United States District western District of Michigan *Kim v. City of Ionia,* 12-cv-01195-GJQ( *Kim I district court*) after, when Defendants failed to answer to the complaint *within 21days* State Court and after, when plaintiff obtained entry of default MCR 2.603(A)from State Court and when state court enter "Notice of Hearing Motion for default judgment. *See* Exhibit A. This is a complaint and City of Ionia(Ionia) is violated 18 U.S.C. § 1964 and Civil Remedies.

2.      Additionally the *Kim I District court* refused the "shall have the same full faith and credit;

[Plaintiff obtained The State of 8th Circuit, Clerk of Court was entered enter default MCR 2.603(A) *See.* Exhibit A. ]" 28 U.S. Code § 1738.

This is City of Ionia is violated 18 U.S.C. § 1964 and Civil Remedies.

3.      Furthermore, the *Kim I district court* was not were not following and/or so silent Fed. R. Civ. P. 55 (a)&(b); 28 U.S. Code § 1446(b)(3); 28 U.S.C. § 1331;28 U.S. Code § 1738 and cause of action. *See. The Kim I district* court order Exhibit B.

4.      IONIA were actively engaged in organized crime, the Sixth Circuit No. 13-2084(6th Cir. Apr.29, 2014) affirmed the district court's judgment that "Kim's allegation of Judicial fraud [

the *Kim I court* was not were not following Fed. R. Civ. P. 55 (a)&(b); 28 U.S. Code § 1446(b)(3); 28 U.S.C. § 1331;28 U.S.C. § 1331;28 U.S. Code § 1738 and

---

[1] 18 U.S.C. §§ 1961-68.

cause of action.]

adverse ruling by a court almost never establish bias or prejudice. See.
Litely v. United States, 510 U.S. 540, 555(1994)." *See.* Exhibit C p. 3,
this is a RICO violation.

5.        Kim Requested Rule 60(b) motion at the *Kim I district court* that the *Kim
I district court* finds that "especially because the Sixth Circuit has already affirmed
the judgment.[2]" *See.* p.1 Exhibit D. Order denying plaintiff's Motion for Relief
from Judgment. This is a crime.

6.        Also, the Sixth Circuit dismissed that "Rule 60(b) does not allow a defeated
litigant a second chance to convince the court to rule
[the *Kim I court* was not were not following Fed. R. Civ. P. 55 (a)&(b); 28 U.S.
Code § 1446(b)(3);28 U.S.C. § 1331;28 U.S. Code § 1738 and cause of action.]
in his or her favor…" "There is no arguable basis for asserting that the district
court abused its discretion in denying Kim's motion." (order). *See.* p.1 Exhibit E.

7.        In 2019 Kim brought the action against Ionia and seeking relief based on
claims Federal Rule of Civil Procedure 9(b) *fraud* that the United States District
Eastern District of Michigan case number 19-cv-10524 (*Kim II*)[3], finds that
"Moreover, to extent his claims are not estopped or complaint [Rule 9(b) fraud]
does not state a claim upon which relief can be granted, the case is dismissed.

---

[2] See. p.1 Exhibit H. Order denying plaintiff's Motion for Relief from Judgment.
[3] Exhibit F

The Sixth Circuit case number 19-1398 (*Kim II court*) finds that the "Rule

9(b) fraud [

the *Kim I court* was not were not following Fed. R. Civ. P. 55 (a)&(b); 28 U.S.
Code § 1446(b)(3); 28 U.S.C. § 1331;28 U.S. Code § 1738 and cause of action.]

it does not create a federal cause of action for fraud....Affirm the district court

dismiss order. *See*. Exhibit G.

7.      Kim brought the action against Ionia and seeking relief based on claims

under RICO, this action under violated the 18 U.S.C. § 1964 and subject to Civil

penalties recovery of damages for the fraud the Ionia were actively engaged in

organized crime, *conspire* 18 U.S.C. § 1962(d) that

The *Kim I court* was not were not following Fed. R. Civ. P. 55 (a)&(b); 28 U.S.
Code § 1446(b)(3); 28 U.S.C. § 1331;28 U.S. Code § 1738 and cause of action.

## JURISDICTIONAL STATEMENT

8.      This Civil Court has subject-matter over this action because it is

brought under 18 U.S.C. § 1964 Civil remedies. "The district courts of

the United States shall have jurisdiction to prevent and restrain

violations of Section 1962 of this chapter by issuing appropriate orders,"

18 U.S.C. § 1964(a).

9.      The Kim will not be barred from seeking relief based on the same claims

Federal Rule of Civil Procedure 9(b) fraud and/ or new claim defendants are

4

violated of under 18 U.S.C. § 1964 Civil remedies.

## Venue

10.    Venue is proper in this district because plaintiff is resident of

Genesee County, Michigan.

## Factual Background

Ionia is a plaintiff at State district <u>criminal court</u> police ticket no

12494IT1and12494IT2 )*See*. Exhibit M - Ionia prosecutor filed Transcript to State

Circuit Court 12-k-29626-cz Kim is an Appellant and plaintiff at the State

<u>Criminal and Civil</u> Circuit Court- Ionia removed to the U.S. district <u>civil</u> court the

*Kim v. City of Ionia,* 12-cv-01195-GJQ. *Kim I Court.* The *Kim I court* complaint

and appeal brief that the city of Ionia police officer admitted at State district

criminal court that Ionia were illegally and improperly targeted investigation him

but It was state district court was found guilty of the charge approximately

$5,000.00 fine to Kim and arrest him at his house. The case removed to

U.S. *Civil* district court.

## Violations of Law

11.    Ionia's conduct, described above paragraph 1to 10, violated the under 18

U.S.C. § 1962 *conspire* and requests claim under 18 U.S.C. § 1964 Civil

remedies.

**Pattern of Racketeering Activity" 18 U.S.C. § 1961(5)**
**COUNT I.**

The Kim's argument at the *KimI court* that he requests the entry of default or/and default judgment that his case was already the State Court clerk of Court had been entered entry of default[4] and the State Court was already enter notice of default judgment. *See.* Exhibit A. Also, the *Kim I* court record appears that Defendants already had been default that *Kim I* Court were so silent of the Federal Rules of Civil Procedure United States Courts 55(a), entry of default and default judgment. Ionia was engage in Racketeer Influenced and Corrupt Organizations (RICO)[5]"

Plaintiff "taken as true[6],as to its truth evidence that the *Kim I Court* record

appears defendants had been default.

Procedural history shows. *See.*

A. The State 8th Circuit Court Summons issued on October 9, 2012. *See. Kim I* The U.S District Court docket no. 78 Attachments: # 2 Exhibit A or *See.* Exhibit H

B. On October 29, 2012 Defendants failed to answer to complaint *"within 21days"* State Court MCR 2.108(A)(1) and federal Court Federal Rule of Civil Procedure 12(a)(1)(A)(i). *See.* Exhibit I.

C. On October 31, Defendants had filed the Notice of Removal. *See. Kim I* Docket no.1 or Exhibit I, after On October 29, 2012 Defendants failed to answer to complaint *"within 21days"* State Court MCR 2.108(A)(1).

D. Plaintiff obtained State of 8th Circuit, Clerk of Court was entered enter default MCR 2.603(A) for each named defendant; Jennifer Skorka ; and Brandon Anderson ; Thomas Troy Thomas; Jason Eppler ;City of Ionia. *See. Kim I* The U.S District Court docket no. 78 Attachments: # 2 or Exhibit A.

---

[4] *See.* Exhibit A.
[5] 18 U.S.C. §§ 1961-68.
[6] *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173, L.Ed.2d 868(2009) (internal quotation marks omitted.)

13       Also, The *KimI Sixth Circuit court* affirmed the district court's

judgment. *Kim v. City of Ionia,* (order) that "Kim's allegation of Judicial fraud

[refused Rule 55(a) entry of default] adverse ruling by a court almost never

establish bias or prejudice. See. Litely v. United States, 510 U.S. 540,

555(1994)."Exhibit C Page. 3, Order Sixth Circuit No. 13-2084(6th Cir. Apr.29,

2014). This is a violation at the 18 U.S.C. § 1962(d) "conspire"

        Kim Requested Rule 60(b) motion at the *Kim I district court* that the court

has knows them to be false, and representation were made with the

intent to defraud, deceive. The *Kim I district court* finds that "especially

because the Sixth Circuit has already affirmed the judgment.[7]"

The *Kim I court* was not were not following Fed. R. Civ. P. 55 (a)&(b); 28 U.S.
Code § 1446(b)(3); 28 U.S.C. § 1331;28 U.S. Code § 1738 and cause of action.

        Kim Requested Rule 60(b) motion at the *Kim I Sixth Circuit, "unusual and*

*extreme situation where principles of equity mandate* relief." *Olle v. Henry &*

*Wright Corp.,* 910 F.2d 357, 365 (6th Cir. 1990)"that the panel was chosen that

Rule 60(b) does not allow a defeated litigant a second chance to convince the court

to rule in his or her favor…" "There is no arguable basis for asserting that the

district court abused its discretion in denying Kim's motion." (order). *Kim v. City*

*of Ionia,* No. 18-1974(6th Cir. January 3, 2019)(order)and dismissed this Case. *See.*

---

[7] See. p.1 Exhibit D. Order denying plaintiff's Motion for Relief from Judgment.

Exhibit E, ("no mandate").

As result, defendants made case law that after plaintiff obtained State of 8th Circuit, Clerk of Court was entered enter default MCR 2.603(A)and refused "entry of default and granted the defendants' motion for summary judgment *Kim v. City of Ionia,* 12-cv-01195-GJQ. This is IONIA is violated at the 18 U.S.C. § 1962(d) conspire.

On 2019 plaintiff filed lawsuit against IONIA(*Kim II court*)violated Federal Rules of Civil Procedure, Rule 9(b) lies "fraud or mistake" at the *Kim I Court.* The United States District Eastern District of Michigan case number 19-cv-10524 (*Kim II*) finds that "Moreover, to extent his claims are not estopped or complaint [Rule 9(b) fraud] does not state a claim upon which relief can be granted, the case is dismissed. See. Exhibit F.

The Sixth Circuit case number 19-1398 ( *Kim II, court of appeal* )finds that "Rule 9(b)[ fraud] it does not create a federal cause of action for fraud….Affirm the district court dismiss order. *See.* Exhibit G.

Based upon these circumstances, the evidence shows that Kim has actually established claim under civil penalties defendants are violated at 18 U.S.C. §1964 RICO action.

## COUNT II.

The Kim's argument at the *KimI court* that his case the 28 U.S. Code § 1738 requires "shall have the same full faith and credit; [Plaintiff obtained The State of 8th Circuit, Clerk of Court was entered enter default MCR 2.603(A) *See.* Exhibit A ]" 28 U.S. Code § 1738, but IONIA made to the *Court I court*,   Judge to makes such ignored "shall have the same full faith and credit; [Plaintiff obtained

The State of 8th Circuit, Clerk of Court was entered enter default MCR 2.603(A) and notice of hearing Motion for default judgment ]" 28 U.S. Code § 1738.

14.     The 28 U.S. Code § 1738 requires "shall have the same full faith and credit; [Plaintiff obtained The State of 8th Circuit, Clerk of Court was entered enter default MCR 2.603(A) *See*. Exhibit A ]" 28 U.S. Code § 1738, but IONIA made to the *Court I*,   Judge to makes such ignored "shall have the same full faith and credit; [Plaintiff obtained The State of 8th Circuit, Clerk of Court was entered enter default MCR 2.603(A)]" 28 U.S. Code § 1738. IONIA made the Sixth Circuit affirmed the district court's judgment. *Kim v. City of Ionia,* No. 13-2084(6th Cir. Apr.29, 2014)(order).

### Pattern of Racketeering Activity" 18 U.S.C. § 1961(5)
### COUNT III.

The Kim's argument at the *KimI court* that his case, Ionia Chronic such fraud that "the state court Clerk's Entry of default was in error as Defendants had already filed Notice of Removal with state court and had filed an answer to the complaint in federal court before the Clerk entered the default notice" See. Exhibit J.   This is a Chronic fraud "defendants are liable for the misconduct alleged.

15.   IONIA Chronic such fraud that

(a)"the state court Clerk's Entry of default[On October 29, 2012 Defendants failed to answer to complaint *"within 21days"* State Court MCR 2.108(A)(1)]was in error

(b) as Defendants had[On October 31,2012] already filed Notice of Removal with state court and before the Clerk entered the default notice"

    Procedural history shows. *See*.

A. The State 8th Circuit Court Summons issued on October 9, 2012. *See. Kim I* The U.S District Court docket no. 78 Attachments: # 2 Exhibit A or *See.* Exhibit H

B. On October 29, 2012 Defendants failed to answer to complaint *"within 21days"* State Court MCR 2.108(A)(1) and federal Court Federal Rule of Civil Procedure 12(a)(1)(A)(i). *See.* Exhibit I.

C. On October 31, Defendants had filed the Notice of Removal. *See. Kim I* Docket no.1 or Exhibit I, after On October 29, 2012 Defendants failed to answer to complaint *"within 21days"* State Court MCR 2.108(A)(1).

This evidence that "defendants are liable for the misconduct alleged.

Defendants had been "intentionally false, willfully blind to the truth"[8] the district

court *Kim v. City of Ionia,* 12-cv-01195-GJQ Order granted defendants' Motion for

summary judgment and denied Plaintiff's first, second Motion to remand and

denied Plaintiff's Motion for summary judgment, and the Sixth Circuit affirmed

the district court's judgment. *Kim v. City of Ionia,* No. 13-2084(6th Cir. Apr.29,

2014)(order) fraud by defendants.

Based upon these circumstances, the evidence shows that Kim requests

claim under defendants are violated at the 18 U.S.C. § 1962(d) conspire.

### Pattern of Racketeering Activity" 18 U.S.C. § 1961(5)
### COUNT IV.

The Kim's argument at the *KimI court* that his case Kim and most of the defendants IONIA are not "Diversity of citizenship" 28 U.S.C. § 1332 U.S District court lacked subject matter NOT jurisdiction because the parties were non-diverse

---

[8] See. The elements of fraud on the court include conduct: 1) on the part of an officer of the court; 2) that is directed at the judicial machinery itself; 3) that is **intentionally false,willfully blind to the truth**, or is in reckless disregard for the truth; 4) that is a positive averment or a concealment when one is under a duty to disclose; and 5) that **deceives the court**. See *Demjanjuk v. Petrovsky,* 10 F.3d 338, 348 (6th Cir. 1993).

28 U.S.C. § 1332. But the *Kim I Court* finds that defendants had a properly removed to Federal court because after Defendants failed to answer to the complaint State court *"within 21days"* and after plaintiff obtained entry of default from State Court. *Kim v. City of Ionia,* No. 13-2084(6th Cir. Apr.29, 2014) unpublished. This is evidence that defendants are violated at the 18 U.S.C. § 1962(d) conspire.

16.    The 28 U.S.C. § 1332 requires U.S. District court lacked subject matter

jurisdiction but IONIA makes the *Kim Court* was ignored Statute 28 U.S. Code §

1332. The Statute required the U.S. district Court has lack of jurisdiction; Kim and

most of the defendants are not "Diversity of citizenship" 28 U.S.C. § 1332

"exceeds the required jurisdictional amount that U.S. district Court has lack of

jurisdiction.

Kim asserted that the U.S. district Court of Michigan Judge *Kim v. City of*

*Ionia,* 12-cv-01195-GJQ (*Kim I court*) refused:

(a) "shall have the same full faith and credit; Plaintiff obtained The State of

8th Circuit, Clerk of Court was entered enter default MCR 2.603(A)]" 28

U.S. Code § 1738.

(b) "[T]he initial pleading

[On October 29, 2012 Defendants failed to answer to complaint *"within 21days"* State Court MCR 2.108(A)(1) and State of 8th Circuit, Clerk of Court was entered enter default MCR 2.603(A)]

are not removable" 28 U.S. Code § 1446(b)(3).

(c) 28 U.S.C. § 1332 requires U.S. District court lacked subject matter

jurisdiction.

(d)  Refused Rule 55(a) and (b) entry of default and default judgment.

The Judge's decision was manifest injustice and the rulings Conflict with

Rule 55(a) and (b). 28 U.S. Code § 1738; 28 U.S. Code § 1446(b)(3); and 28 U.S.C.

§ 1332. The Judge's and panel conduct was willful and malicious by defendants.

### Pattern of Racketeering Activity" 18 U.S.C. § 1961(5)
### COUNT V.

17.  The Kim's argument at the *KimI court* that his case was *Criminal appeal and civil case* and thus should not have been removed to federal <u>civil court</u> was erroneous. The *KimI court* Judge had been such fraud himself that "Kim was a party in both cases. Ionia were **not** parties in the state court proceeding" *See.* Exhibit B p.6

Plaintiff "taken as true[9],as to its truth evidence that Kim was a party in both cases. Ionia were parties in the state court proceeding *See.* Exhibit A and Exhibit M.

18.  The Sixth Circuit No. 13-2084(6th Cir. Apr.29, 2014) affirmed the district court's judgment. *Kim v. City of Ionia,* (order) that "Kim's allegation of Judicial fraud [Count I to V], adverse ruling by a court almost never establish bias or prejudice. See. Litely v. United States, 510 U.S. 540, 555(1994)." Page. 3, Order Sixth Circuit No. 13-2084(6th Cir. Apr.29, 2014). This is a violation at the 18 U.S.C. § 1962(d) "conspire"

---

[9] *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173, L.Ed.2d 868(2009) (internal quotation marks omitted.)

19.     Kim Requested Rule 60(b) motion at the *Kim I district court* that the *Kim I*

*district court* finds that "especially because the Sixth Circuit has already affirmed

the judgment.[10]"

The *Kim I court* was not were not following Fed. R. Civ. P. 55 (a)&(b); 28 U.S.
Code § 1446(b)(3); 28 U.S.C. § 1331;28 U.S. Code § 1738 and cause of action.

        Kim Requested Rule 60(b) appeal at Sixth Circuit, the Cause of action I to

V, *"unusual and extreme situation where principles of equity mandate* relief." *Olle*

*v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)"that "Rule 60(b) does

not allow a defeated litigant a second chance to convince the court to rule in his or

her favor…" "There is no arguable basis for asserting that the district court abused

its discretion in denying Kim's motion." (order). *Kim v. City of Ionia,* No. 18-

1974(6th Cir. January 3, 2019)(order)and dismissed this Case.

20.     The United States District Eastern District of Michigan case number 19-cv-

10524 (*Kim II Court*) finds that Kim requests "Rule 9(b)[ lie and fraud] claim that

"Moreover, to extent his claims are not estopped or complaint does not state a

claim upon which relief can be granted There, the case is dismissed"

21.     The Sixth Circuit case number 19-1398 finds that "Rule 9(b)[ Court I-V] it

does not create a federal cause of action for fraud….Affirm the district court

dismiss order.

---

[10]  See. p.1 Exhibit D. Order denying plaintiff's Motion for Relief from Judement.

The *Kim I* Judge were not following Fed. R. Civ. P. 55 (a)&(b); 28 U.S.

Code § 1446(b)(3);28 U.S.C. § 1331;28 U.S. Code § 1738. This Ionia violated the

18 U.S.C. § 1962(d) conspire.

### Pattern of Racketeering Activity" 18 U.S.C. § 1961(5)
### COUNT VI.

The Kim's argument at the *KimI court* that his case, the Judge and panel's decision was such manifest injustice and the rulings Conflict true cause of action. "There is no evidence in the record that ....either of them had any idea who was driving the vehicle until they pull it over" Exhibit B p 8 *Kim I court* Order

22.    IONIA Chronic such fraud that

  "the [police] video shows that the rear window of the pick-up was tinted and you cannot see who is driving the vehicle" *See.* Exhibit K p.12 Defendants' summary judgment. The Court grant Defendants' summary of judgment.

The Court Belied by defendants that

"there is no evidence in the record that officer Anderson and Skorka targeted Kim because of his race or nation origin. There is no indication that either of them had any idea who was driving the vehicle until they pulled it over. Accordingly, Kim's selective enforcement claim lack merit".p.8 Opinion Exhibit B.

This is not true. The IONIA conduct was willful and malicious. The Defendants'

Motion for summary judgment is a fraud. Plaintiff "taken as true[11]" The video, the

U.S District Court For the Western District of Michigan Case no. 1:12:cv-01195-

GJQ Docket no 35 appears that (the video is being sent separately to the Court.

A. The police video NEVER shows that the rear window. ***See.*** Police video.

---

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173, L.Ed.2d 868(2009) (internal quotation marks omitted.)

B. The police video NEVER shows that the rear window of the pick-up was tinted. *See.* Police video.

C. The police video NEVER shows that the rear window of the pick-up was tinted and you **NEVER** can see who is driving the vehicle. *See.* Police video.

D. The police video NEVER shows that "City of Ionia observed a green, Chevrolet pick-up truck at the Corner of Dexter and Main in the City" p.1.Defendants' brief in support of defendants' Motion for summary of judgment. *See.* Police video.

E. The police video NEVER shows that "City of Ionia observed Kim's vehicle at the corner Dexter and Main (*id.* at 4-5) p.2 Exhibit D Opinion. *See.* Police video.

F. The police video NEVER shows that "Plaintiff saw the police car at the traffic light at eastbound Washington Street and M-66."p.3 Defendants' Response Brief opposing plaintiff's Motion for summary judgment.

**The Ionia made-up police video. Ionia had never been submitted full police video to any court.**

23.     Kim Requested Rule 60(b) motion that the *Kim I court* Judge was unable to respond or address to the Cause of action *I to VI* at all, its response to the other points is unavailing that Cause of action *I to VI* **is,** the Sixth Circuit affirmed the district court's judgment. *Kim v. City of Ionia,* No. 13-2084(6th Cir. Apr.29, 2014). This is a crime.

24.     The Sixth Circuit No. 13-2084(6th Cir. Apr.29, 2014) affirmed the district court's judgment. *Kim v. City of Ionia,* (order) that "Kim's allegation of Judicial fraud [Count I to V

The *Kim I* Judge were not following Fed. R. Civ. P. 55 (a)&(b); 28 U.S. Code §
1446(b)(3); 28 U.S.C. § 1331;28 U.S.C. § 1331;28 U.S. Code § 1738 and cause of
action ],

adverse ruling by a court almost never establish bias or prejudice. See. Litely v.

United States, 510 U.S. 540, 555(1994)." Page. 3, Order Sixth Circuit No. 13-

2084(6th Cir. Apr.29, 2014). This is a violation at the 18 U.S.C. § 1962(d)

"conspire"

25.     Kim Requested Rule 60(b) motion at Six Circuit, "*unusual and extreme

situation where principles of equity mandate* relief." *Olle v. Henry & Wright Corp.*,

910 F.2d 357, 365 (6th Cir. 1990)"that the Sixth Circuit panel was unable to

respond to the Cause of action *I to VI* at all its response to the other points is

unavailing ,The panel finds that "Rule 60(b) does not allow a defeated litigant a

second chance to convince the court to rule in his or her favor…" "There is no

arguable basis for asserting that the district court abused its discretion in denying

Kim's motion." (order). *Kim v. City of Ionia,* No. 18-1974(6th Cir. January 3,

2019)(order)and dismissed this Case.

        IONIA was actively engaged in organized crime, and the fraud

judgment *(Kim I Court)* that is an unconstitutional and crime.

        *Kim I* plaintiff shows that Defendants are not acting against others for

similar violations. City of Ionia were admitted at the State district court that City of

Ionia violated a selective enforcement his license plate was no expired and any

16

traffic violation were unreasonable follows him selective enforcement

investigation and lacked probable cause to follows him and investigate him. There

is evidence of discriminatory intent by the officers were violation of the

discrimination under Title VI claim and § 1983 claim and Fourth Amendment

Selective enforcement claim. The officers were improperly targeted and follows

him was discriminatory because his is not, white, or polish, or light skin or his is

Korean . Amend. Compl.at ¶ 9.The other persons similarly situated are not follows

and targeted investigation for lacked probable cause to follow him in this case

"[that has been]caused by a person acting under color of state law" *Sigley v. City of

Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006). Defendants Anderson and

Skorka's action were motivated discriminatory intent to improperly targeted

investigation him which is violated the Fourth Amendment Selective enforcement

and City of Ionia policy "*Provided in a different manner from that which is

provided to others",* Title VI of the Civil Right Act of 1964 (Title VI) and

individual defendants have violated under the 42 U.S.C. § 1983(§ 1983) *Kim v.

City of Ionia* 12-29547 AV.

The U.S. District Court (*Kim I* )Judge had been chosen not follows Rule

55(a)&(b); Statute 28 U.S. Code § 1738; Statute 28 U.S. Code § 1446(b)(3);

Statute 28 U.S.C. § 1332; Statute 28 U.S.C. § 1331 and only not listen plaintiff's

alleges as cause actions. District Judge and panel was dishonestly erred in

17

adversely rulings that intentionally failure to make any mention of facts factual

allegation, *Kim I,* Cause of Action the State of Michigan 64A district Court record

appears that City of Ionia-Police officer-defendant Brandon Anderson actually

admitted that he does violated the target investigated where the officer has

probable cause to believe that "[a traffic violation NOT occurred] plates still

valid"[12]that officer Anderson and Skorka targeted and Kim established selective

enforcement claim . But the judge and panel Belied by defendants, granted

Defendants' Motion for summary judgment and denied Kim's first and second

Motion to Remand, Motion for Summary judgment.

26.    The Court *Kim v. City of Ionia,* No. 13-2084(6th Cir. Apr.29, 2014) was

relied on the paragraph 1 to 25cause of action COUNT I to VI and belied or

engaged in conspire made case law by IONIA.

27    Plaintiff contends that there is specific evidence show paragraph 1 to 26 that

defendants violated the 18 U.S.C. § 1962(d) conspire and the Plaintiff has

suffered compensable injury resulting from the defendants made "(1)conduct (2)of

an enterprise(3)through a pattern of racketeering activity" Sedima, S. P.R.L.v.

Imrex Co.,Inc, 473 U.S. 479, 496 (1985).

The *Kim I* Judge and panel's decision was "a pattern of racketeering activity"
[13]  that and the rulings Conflict with Rule 55(a) and (b). 28 U.S. Code § 1738; 28

---

[12]. See. *Court I,* docket no. 78 Attachments: # 2 Exhibit A
[13]  18 U.S.C. § 1962(c).

U.S. Code § 1446(b)(3); 28 U.S.C. § 1332 and 28 U.S.C. § 1331 and true of cause of action *Kim v. City of Ionia,* No. 13-2084(6th Cir. Apr.29, 2014) conspire[14] by defendants.

28.    The plaintiff was relied on the defendants suffered compensable injury result from the COUNT I to VI conspire.

29.    In August 2012 Defendants City of Ionia such obtained a grant defendants summary judgment that the judge and penal were the rulings Conflict with Rule 55(a) and (b). 28 U.S. Code § 1738; 28 U.S. Code § 1446(b)(3); and 28 U.S.C. § 1332; 28 U.S.C. § 1331;and true casus of action and *Kim v. City of Ionia, Kim v. City of Ionia,* No. 13-2084(6th Cir. Apr.29, 2014).

30.    Furthermore, *Kim I court* Judge and panel were remedy defects of justice granted Defendants' Summary judgment, when the *Kim I* defendants had been default State Court and Federal Court.

Plaintiff obtained State of 8th Circuit, Clerk of Court was entered enter default MCR 2.603(A) for each named defendant; Jennifer Skorka ; and Brandon Anderson ; Thomas Troy Thomas; Jason Eppler ;City of Ionia. *See.* The U.S District Court docket no. 78 Attachments: # 2 or Exhibit A. The state district court was found guilty of the charge approximately $5,000.00 fine to Kim and arrest him at his house in this case.

There were remedy defects of justice and "a pattern of racketeering activity"[15]

31.    The Cause of alleges Count I to IV racketeering activities fraud,

---

[14] 18 U.S.C. § 1962(d)
[15] 18 U.S.C. § 1962(c).

obstruction of *Kim ICourt*, forgery and tracking statutes that "amount

to or pose a threat of continued criminal activity" H.J.,Inc. v.

Northwestern Bell Tel. Co., 492 U.S. 229, 238-3991989).

32.     The Supreme Court held that on its face the term 'enterprise' includes both

legitimate and illegitimate enterprises. U.S. v. Turkette, 452 U.S. 576, 580 (1981).

33.     The United States held that "There is no requirement that a

private action under 18 U.S.C. § 1964(c) [the fraud Count I to VI] can

proceed only against a defendant who has already been convicted of a

predicate act or of a RICO violation" Sedima, S.P.R.L. v. Imrex Co., Inc.,

473 U.S. 479(1985).

34.     Plaintiff seeking to recover for economic loss due to defendants' alleged

and "prevent and restrain violations of Section 1962 [conspire] of this

chapter by issuing appropriate orders," 18 U.S.C. § 1964(a).

35.     Plaintiff alleges herein by this reference as though more fully set

forth in the allegation contained in paragraphs 1 through 34 herein.

36.     Plaintiff alleges that On or about April 2012 to Present IONIA to "a

pattern of racketeering activity" [16]  that

The United State District Court Western Michigan case # Case No. *Kim v. City of
Ionia, et al.,*1:12-cv-01195-GJQ dismissed the case. The United States Court of

---

[16] 18 U.S.C. § 1962(c).

Appeal for The Sixth Circuit Case no 13-2084 (6th Cir. Apr 29,2014)(*Kim I*)affirmed the case .On July 13. 2016 State of Michigan Ionia County Circuit Court 2012-029626-CZ Ordered dismisses this case. On September 26, 20 16 State of Michigan Court of appeal denied appeal, denied the case *See.* Exhibit M. State of Michigan Supreme Court no. 155558 denied the case.

37      Defendants have know them to be false, and representation were made with the intent to defraud, deceive, and restrain violations of Section 1962   of this chapter by issuing appropriate orders," 18 U.S.C. § 1964(a).

38.     In reliance upon these evidence, IONIA *Kim I* Court district judge to ignored follows

Rule 55(a)&(b); Statute 28 U.S. Code § 1738; Statute 28 U.S. Code § 1446(b)(3); Statute 28 U.S.C. § 1332; Statute 28 U.S.C. § 1331.

39.     The plaintiff will not be barred from seeking relief based on the same claims [9 (b) fraud]or/and new established claim defendants are violated of under violated the 18 U.S.C. § 1961 to 1964

40.     When Defendants-City of Ionia entered into the "conspire"18 U.S.C. § 1962(d) that It was state district court was found guilty of the charge approximately $5,000.00 fine to Kim and arrest him at his house in this case, they fact would damages $10,000,000.00 in this case.

41.     Plaintiff is, therefore, entitled to relief under Ionia to pay "recovery

threefold the damages[ $30,000,000.00] he sustains and the cost of the suit,

including a reasonable attorney's fee" 18 U.S.C. § 1964(c).

42.     The Court;

The United State District Court Western Michigan case # Case No. *Kim v. City of Ionia, et al.,*1:12-cv-01195-GJQ and the United States Court of Appeal for The Sixth Circuit Case no 13-2084 (6th Cir. Apr 29,2014)(*Kim I*). Ionia is a plaintiff at State district <u>criminal court</u> police ticket no 12494IT1and12494IT2.This is appeal case at the State of Michigan Ionia County Circuit Court 2012-029626-CZ Ordered dismisses this case. On September 26, 20 16 State of Michigan Court of appeal dismissed this Case *See.* Exhibit M. State of Michigan Supreme Court no. 155558 denied this Case.

belied by defendants seven (8) years that Defendants –City of Ionia and David

K. Otis (P31627)Plunkett Cooney (IONIA), engage in Racketeer Influenced

and Corrupt Organizations (RICO)[17]", made a case law that defendants have a

right Defendants were removed to Federal the district court *Kim v. City of Ionia,*

12-cv-01195-GJQ after, when Defendants failed to answer to the complaint *within*

*21days* State Court and after, when plaintiff obtained entry of default MCR

2.603(A)from State Court. *See* Exhibit A.

The *Kim I court* were not following Fed. R. Civ. P. 55 (a)&(b); 28 U.S. Code § 1446(b)(3);28 U.S.C. § 1331;28 U.S. Code § 1738 and cause of action

and made him a sick and damages. This is a complaint and City of Ionia(Ionia) is

violated 18 U.S.C. § 1964 and Civil Remedies.

        This Court should be justice, defendants are violated Pattern of

---

[17] 18 U.S.C. §§ 1961-68.

Racketeering Activity" 18 U.S.C. § 1961to 1964.

## Demand for Relief

The Kim requests that the Court:

a. Impose on Ionia to pay "recovery threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee" 18 U.S.C. § 1964(c) 30,000,000.00

b. The court may enter the Order to the "Attorney General may institute proceeding under this section Pending final determination thereof, the court at any time enter.....including the acceptance of satisfactory performance bonds, as it shall deem proper." 18 U.S.C. § 1964(b).

c. Award additional relief as the Court may determine to be just and proper

Respectfully submitted,

Dated: August, 13 2020

GwanJun Kim
10133 Lapeer Rd #316
Davison MI 48423

Respectfully submitted,

## Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint (1)is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or

needlessly increase the cost of litigation; (2)is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3)the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**For Parties without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case –related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismiss of my case.

Dated: August 13, 2020 _____

GwanJun Kim
10133 Lapeer Rd #316
Davison MI 48423

# EXHIBITS

Exhibit A.   Plaintiff obtained The State of Michigan Judicial 8th Circuit, Clerk of Court was entered enter default MCR 2.603(A) and Notice of Entry of Default Judgment.MCR 2603(B)(4) in *Kim I court*[1]case. *See.* The *Kim I* Court docket no. 78 Attachments: # 2 or Exhibit A.

Exhibit B   The *Kim I district Court* opinion dismiss with prejudice that so silent of the plaintiff obtained the State Court clerk of court was entered entry of default and Notice of Entry of Default Judgment.MCR 2603(B)(4) and the *Kim I court* was not were not following Fed. R. Civ. P. 55 (a)&(b); 28 U.S. Code § 1446(b)(3); 28 U.S.C. § 1331;28 U.S. Code § 1738 and cause of action for defendants.

Exhibit C.   The *Kim I Court of appeal* affirmed the judgment.

Exhibit D.   The *Kim I district Court* denying plaintiff's Motion for Relief from Judgment that"especially because the Sixth Circuit has already affirmed the judgment.[2]" See. p.1

Exhibit E.   The *Kim I Court of appeal* Denies Kim's Motion for leave to proceed in forma pauperis that p.2"Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule.

Exhibit F.   The United States District Eastern District of Michigan case number 19-cv-10524 (*Kim II)* Order dismiss this case that "Moreover, to extent his claims are not estopped or complaint [Rule 9(b) fraud] does not state a claim upon which relief can be granted, the case is dismissed"p.2

Exhibit G.   The Sixth Circuit No.19-1389 (*Kim II Court of appeal*) affirmed the dismiss the case that the "Rule 9(b) fraud [

---

[1] The United States District Court for the Western of Michigan *Kim v. City of Ionia,* 12-cv-01195-GJQ and, the Sixth Circuit No. 13-2084(6th Cir. Apr.29, 2014)
[2] See. p.1 Exhibit H. Order denying plaintiff's Motion for Relief from Judement.

the *Kim I court* was not were not following Fed. R. Civ. P.
55 (a)&(b); 28 U.S. Code § 1446(b)(3); 28 U.S.C. § 1331;28
U.S. Code § 1738 and cause of action.]

it does not create a federal cause of action for
fraud....Affirm the district court dismiss order"p.4

Exhibit H.   On October 9, 2012 The State 8th Circuit Court Summons issued *See.*
*Kim I* The U.S District Court docket no. 78 Attachments: # 2 Exhibit
A or *See.* Exhibit H.

Exhibit I.   On November 5, 2012 *Kim I,* Defendants answered to Complaint at
federal court *See. Kim I* Docket no.4 or Exhibit I.

Exhibit J.   Defendants' Counsel David K. Otis (p31627) constituting
fraud at the Defendants' Supplemental Brief in opposing
Plaintiff's Motion to Remand that "the state court Clerk's Entry
of default was in error as Defendants had already filed Notice of
Removal Defendants had filed the Notice of Removal. [On October
31, already Defendants failed to answer to complaint]with state court
and had [on November 5, 2012 *See* Exhibit I.]filed an answer to the
complaint in federal court [On October 29, 2012, already Defendants
failed to answer to complaint *"within 21days" See* Summon issued
October 9, 2012 Exhibit H .] before the Clerk entered the default
notice" p.2.

Exhibit K.   Defendants' Counsel David K. Otis (p31627) constituting
fraud at the Defendants' Brief in support of defendants'
Motion for summary Judgment p. 12 that "the video show
that the rear window of the pick-up was tinted and you
cannot see who is driving the vehicle"

Exhibit L.   The State of Michigan Judicial 8th Circuit,
Clerk of Court was entered enter default MCR 2.603(A) and
Notice of Entry of Default Judgment.MCR 2603(B)(4) in
*Kim I court*[3]case and dismissed herself in this case.

---

[3] The United States District Court for the Western of Michigan *Kim v. City of Ionia,* 12-cv-01195-GJQ and, the Sixth Circuit
No. 13-2084(6th Cir. Apr.29, 2014)

Exhibit A.  Plaintiff obtained The State of Michigan Judicial 8th Circuit, Clerk of Court was entered enter default MCR 2.603(A) and Notice of Entry of Default Judgment.MCR 2603(B)(4) in *Kim I court*[1]case.

---

[1] The United States District Court for the Western of Michigan *Kim v. City of Ionia,* 12-cv-01195-GJQ and, the Sixth Circuit No. 13-2084(6th Cir. Apr.29, 2014)

Approved, SCAO

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT | DEFAULT<br>REQUEST, AFFIDAVIT, AND ENTRY | CASE NO.<br>12 K 29541-AV |
|---|---|---|

1st copy - Applicant
Copies - All other parties

Court address | Court telephone no.

Plaintiff name(s), address(es), and telephone no(s)

GwanSun Kim
360 E Tuttle Rd Lot 54
IONIA MI 48846

v

Defendant name(s), address(es), and telephone no(s).

Jason Eppler
114 N Kidd St
IONIA, MI 48846

Plaintiff's attorney, bar no., address, and telephone no.

Defendant's attorney, bar no., address, and telephone no.

A TRUE COPY

CLERK OF IONIA COUNTY

Party in default: _____

## REQUEST AND AFFIDAVIT

1. I request the clerk to enter the default of the party named above for failure to plead or otherwise defend as provided by law.

2. The defaulted party is not an infant or incompetent person.

3. ☐ It is unknown whether the defaulted party is in the military service. ☒ The defaulted party is not in the military service.
☐ The defaulted party is in the military but there has been notice of pendency of the action and adequate time and opportunity to appear and defend has been provided. Attached, as appropriate, is a waiver of rights and protections provided under the Servicemembers Civil Relief Act. Facts upon which this conclusion is based are: (specify)

4. This affidavit is made on my personal knowledge and, if sworn as a witness, I can testify competently to the facts in this affidavit.

Applicant/Attorney signature _____ Bar no

Subscribed and sworn to before me on November 13 2012, Ionia County, Michigan.

My commission expires March 29 2016 Signature: _____ Deputy court clerk/Notary public

Notary public, State of Michigan, County of Ionia

NOTE: Default can be entered by a district court clerk without the request of a party.

## DEFAULT ENTRY

The default of the party named above for failure to plead or otherwise defend is entered.

11-13-12
Date _____ Court Clerk

COUNTY CLERK'S OFFICE FILED
NOV 13 2012
IONIA COUNTY CLERK

## CERTIFICATE OF MAILING

I certify that on this date I served copies of this default on the appropriate parties or their attorneys by first-class mail addressed to their last-known addresses as defined by MCR 2.107(C)(3)

Date _____ Signature _____

MC 07 (3/10) DEFAULT REQUEST, AFFIDAVIT, AND ENTRY

Approved, SCAO

Original - Court
1st copy - Applicant
Copies - All other parties

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| JUDICIAL DISTRICT JUDICIAL CIRCUIT | DEFAULT REQUEST, AFFIDAVIT, AND ENTRY | 12K 29547-AV |

Court address _____ Court telephone no.

**Plaintiff name(s), address(es), and telephone no(s).**

GwanJun Kim
360 East Tuttle Rd Lot 54
Ionia, MI 48846

v

**Defendant name(s), address(es), and telephone no(s).**

Thomas Troy
114 N Kidd St
IONIA, MI 48846

Plaintiff's attorney, bar no., address, and telephone no.

Defendant's attorney, bar no., address, and telephone no.

A TRUE COPY
*Tonda Rich*
CLERK OF IONIA COUNTY

Party in default: _____

### REQUEST AND AFFIDAVIT

1. I request the clerk to enter the default of the party named above for failure to plead or otherwise defend as provided by law.

2. The defaulted party is not an infant or incompetent person.

3. ☐ It is unknown whether the defaulted party is in the military service. ☑ The defaulted party is not in the military service.
☐ The defaulted party is in the military but there has been notice of pendency of the action and adequate time and opportunity to appear and defend has been provided. Attached, as appropriate, is a waiver of rights and protections provided under the Servicemembers Civil Relief Act. Facts upon which this conclusion is based are: (specify)

4. This affidavit is made on my personal knowledge and, if sworn as a witness, I can testify competently to the facts in this affidavit.

_____
Applicant/Attorney signature          Bar no.

Subscribed and sworn to before me on November 13, 2012  Ionia County, Michigan

My commission expires: March 29, 2016  Signature: _____
Deputy court clerk/Notary public

Notary public, State of Michigan, County of Ionia

NOTE: Default can be entered by a district court clerk without the request of a party

### DEFAULT ENTRY

FILED
NOV 13 2012
TONDA RICH
COUNTY CLERK

The default of the party named above for failure to plead or otherwise defend is entered.

11-13-12
Date          Court clerk

### CERTIFICATE OF MAILING

I certify that on this date I served copies of this default on the appropriate parties or their attorneys by first-class mail addressed to their last known addresses as defined by MCR 2.107(C)(3).

11-13-12
Date          Signature

Approved, SCAO

1st copy - Applicant
Copies - All other parties

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT | DEFAULT<br>REQUEST, AFFIDAVIT, AND ENTRY | CASE NO.<br>12K 29547 -AV |
|---|---|---|

Court address _____ Court telephone no.

Plaintiff name(s), address(es), and telephone no(s).

GwanJun Kim
360 East Tuttle Rd Lot 54
IONIA, MI 48846

v

Defendant name(s), address(es), and telephone no(s).

Jennifer Skorka
114 N Kidd St
IONIA, MI 48846

Plaintiff's attorney, bar no., address, and telephone no.

Defendant's attorney, bar no., address, and telephone no

A TRUE COPY

*(signature)* Tonda Rich

CLERK OF IONIA COUNTY

Party in default: _____

---

### REQUEST AND AFFIDAVIT

1. I request the clerk to enter the default of the party named above for failure to plead or otherwise defend as provided by law.

2. The defaulted party is not an infant or incompetent person.

3. ☐ It is unknown whether the defaulted party is in the military service. ☑ The defaulted party is not in the military service.
☐ The defaulted party is in the military but there has been notice of pendency of the action and adequate time and opportunity to appear and defend has been provided. Attached, as appropriate, is a waiver of rights and protections provided under the Servicemembers Civil Relief Act. Facts upon which this conclusion is based are: (specify)

4. This affidavit is made on my personal knowledge and, if sworn as a witness, I can testify competently to the facts in this affidavit.

_(signature)_
Applicant/Attorney signature          Bar no.

Subscribed and sworn to before me on November 13, 2012, Ionia County, Michigan.
Date

My commission expires: March 29 2016 Signature: _(signature)_
Date                                    Deputy court clerk/Notary public

Notary public, State of Michigan, County of Ionia.

NOTE: Default can be entered by a district court
clerk without the request of a party.

### DEFAULT ENTRY

COUNTY CLERKS OFFICE
FILED

NOV 13 2012

TONDA RICH
COUNTY CLERK

The default of the party named above for failure to plead or otherwise defend is entered.

11-13-12          _(signature)_
Date               Court clerk

### CERTIFICATE OF MAILING

I certify that on this date I served copies of this default on the appropriate parties or their attorneys by first-class mail addressed to their last-known addresses as defined by MCR 2.107(C)(3).

Date _____          Signature _____

Approved, SCAO

1st copy - Applicant

Copies - All other parties

| STATE OF MICHIGAN JUDICIAL DISTRICT JUDICIAL CIRCUIT | DEFAULT REQUEST, AFFIDAVIT, AND ENTRY | CASE NO. 12K 29541-AV |
|---|---|---|

Court address

Court telephone no.

| Plaintiff name(s), address(es), and telephone no(s) | | Defendant name(s), address(es), and telephone no(s) |
|---|---|---|
| GwanJun Kim 360 East Tuttle Rd Lot 54 IONIA MI 48846 | v | Bradun Anderson 114 N Kidd st IONIA, MI 48846 |

Plaintiff's attorney, bar no., address, and telephone no.

Defendant's attorney, bar no., address, and telephone no

A TRUE COPY

*(signature)*

CLERK OF IONIA COUNTY

Party in default: _____

## REQUEST AND AFFIDAVIT

1. I request the clerk to enter the default of the party named above for failure to plead or otherwise defend as provided by law.

2. The defaulted party is not an infant or incompetent person.

3. ☐ It is unknown whether the defaulted party is in the military service. ☑ The defaulted party is not in the military service.
   ☐ The defaulted party is in the military but there has been notice of pendency of the action and adequate time and opportunity to appear and defend has been provided. Attached, as appropriate, is a waiver of rights and protections provided under the Servicemembers Civil Relief Act. Facts upon which this conclusion is based are: (specify)

4. This affidavit is made on my personal knowledge and, if sworn as a witness, I can testify competently to the facts in this affidavit.

_____
Applicant/Attorney signature                              Bar no

Subscribed and sworn to before me on ___November 13, 2012___ ___Ionia___ County, Michigan.
                                        Date

My commission expires: ___March 29, 2016___ Signature: _____
                          Date                              Deputy court clerk/Notary public

Notary public, State of Michigan, County of ___Ionia___

NOTE: Default can be entered by a district court clerk without the request of a party.

## DEFAULT ENTRY

The default of the party named above for failure to plead or otherwise defend is entered.

___11-13-12___                    _____       NOV 13 2012
Date                              Court clerk                    RICH CLERK

## CERTIFICATE OF MAILING

I certify that on this date I served copies of this default on the appropriate parties or their attorneys by first-class mail addressed to their last-known addresses as defined by MCR 2.107(C)(3).

_____              _____
Date                          Signature

MC 07 (3/10) **DEFAULT REQUEST, AFFIDAVIT, AND ENTRY**              MCL 32.517, MCL 600.2441, MCL 600.5759, MCR 2.603, 50 USC 521

Approved, SCAO

| | Original - Court file<br>1st copy - Assignment clerk/Extra<br>2nd copy - Friend of the court/Extra | 3rd copy - Opposing party<br>4th copy - Moving party |
|---|---|---|

| STATE OF MICHIGAN<br>JUDICIAL CIRCUIT<br>JUDICIAL DISTRICT<br>COUNTY | NOTICE OF HEARING AND MOTION | CASE NO.<br>12-K-29547-AV<br><br>Hon. Suzanne Hoseth-Kreeger - Chief |
|---|---|---|

Court address
100 Main Street Ionia, MI 48846

Court telephone no.

| Plaintiff name(s)<br>GwanJun Kim | | Defendant name(s)<br>Jason Eppler |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>360 East Tuttle Rd Lot 54<br><br>Ionia, MI 48846 | v | Defendant's attorney, bar no., address, and telephone no.<br>114 Kidd street<br><br>Ionia, MI 48846 |

## NOTICE OF HEARING

1. Motion title: Motion for Default Judgment

2. Moving party: Plaintiff

3. This matter has been placed on the motion calendar for:

| Judge<br>Hon. Suzanne Hoseth-Kreeger - Chief Judge (P-42238) | Bar no. | Date<br>12/18/2012 | Time<br>4:15 pm |
|---|---|---|---|
| Hearing location<br>☑ Court address above ☐ | | | |

4. If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangements.

## MOTION

Motion for Default Judgment

*A TRUE COPY*

*(signature)*

*CLERK OF IONIA COUNTY*

11-23-2012
Date

_____
Signature

## CERTIFICATE OF MAILING

I certify that on this date I served a copy of this notice of hearing and motion on the parties or their attorneys by first-class mail addressed to their last-known addresses as defined by MCR 2.107(C)(3).

11-23-2012
Date

_____
Signature

MC 326 (3/10) NOTICE OF HEARING AND MOTION

Exhibit B   The *Kim I district Court* opinion dismiss with prejudice that so silent of the plaintiff obtained the State Court clerk of court was entered entry of default and Notice of Entry of Default Judgment.MCR 2603(B)(4) and the *Kim I court* was not were not following Fed. R. Civ. P. 55 (a)&(b); 28 U.S. Code § 1446(b)(3); 28 U.S.C. § 1331;28 U.S. Code § 1738 and cause of action for defendants.

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GWANJUN KIM,

        Plaintiff,                          Case No. 1:12-CV-1195

v.                                       HON. GORDON J. QUIST

CITY OF IONIA, JASON EPPLER,
THOMAS TROY, JENNIFER SKORKA,
BRANDON ANDERSON,

        Defendants.

_____/

## OPINION

Plaintiff, Gwanjun Kim, sued Defendants, the City of Ionia, Jason Eppler, Troy Thomas,[1] Jennifer Skorka, and Brandon Anderson, in Ionia County Circuit Court on October 9, 2012, alleging a claim under 42 U.S.C. § 1983 and state-law claims based on various Michigan statutes, all of which arise out of a traffic stop by City of Ionia police officers. Defendants removed the case to this Court on October 31, 2012, alleging federal question jurisdiction under 28 U.S.C. § 1331 as the basis for removal jurisdiction.

Defendants have filed a Motion for Summary Judgment on all claims, and Kim has responded with his own Motion for Summary Judgment. In addition, Kim has filed a second Motion to Remand and a Motion for Discovery pursuant to Federal Rule of Civil Procedure 56(d).[2] For the reasons set forth below, the Court will grant Defendants' motion, deny Kim's motions, and dismiss Kim's Amended Complaint with prejudice.

---

[1] Incorrectly identified in the caption as Thomas Troy.

[2] The Court denied Kim's first Motion to Remand on December 18, 2012, after concluding that it has federal question jurisdiction over Kim's claims under 42 U.S.C. § 1983. (12/17/12 Order, dkt. # 17.) Also in the December 18, 2012 Order, the Court granted Kim leave to amend. Kim's Amended Complaint added a claim under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. Based on its review of the Amended Complaint and Kim's response to Defendant's motion, the Court construes Kim's Title VI claim as asserted only against the City.

## I. FACTS

On March 30, 2012, at approximately 11:30 a.m., Kim was driving a green 1997 Chevrolet pickup truck on Main Street in Ionia. (Am. Compl. ¶ 30, dkt. # 23; 6/16/12 Hr'g Tr. at 4, Defs.' Br. Supp. Mot. Summ. J. Ex. 2, dkt # 35-1.)  At that time, Ionia Public Safety Officers Brandon Anderson and Jennifer Skorka were on road patrol and observed Kim's vehicle at the corner of Dexter and Main. (*Id.* at 4–5.) Officer Anderson noticed that the vehicle's license plate sticker was green, which indicated that the registration expired in 2012.  The license plate also indicated that it expired in March. (*Id.* at 5.) As a matter of routine, Officer Skorka ran the license plate number through the law enforcement information network (LEIN) using the computer in the patrol car. (*Id.* at 12, 14.) The LEIN inquiry disclosed that the license plate was improper because it belonged to another vehicle and was expired. (*Id.* at 14.) Based on this information, Officer Anderson initiated a traffic stop of Kim's vehicle. (*Id.* at 6.)

Officer Anderson approached the vehicle and asked Kim for his registration and proof of insurance. (*Id.*)  Kim provided an expired proof of insurance and a registration for a different vehicle. (*Id.* at 6–7, 15.) Kim told Officer Anderson that he had cancelled the insurance to save money. (*Id.* at 7.) Officer Skorka called Kim's insurance agent to confirm that the insurance had been cancelled, and the insurance agent confirmed that Kim had in fact cancelled the insurance. (*Id.* at 15.) Officer Anderson issued Kim citations for an improper license plate and no insurance. (*Id.* at 7.)

Kim contested the ticket and requested a hearing.  A hearing was held on June 18, 2012, during which the prosecutor presented testimony by Officers Anderson and Skorka.  Kim did not testify, nor did he present evidence, although he did cross-examine the officers.  Kim's primary defenses were that the officers lacked probable cause to stop him and that the officers improperly targeted him, apparently because of his race or national origin. (*Id.* at 9–10, 17, 20, 25–26.) At the

conclusion of the hearing, the state judge concluded that the officers had probable cause to stop Kim's vehicle and did not improperly target him. (*Id.* at 21, 27.) Therefore, the court found Kim guilty of the infractions. Kim then filed the instant case against Officers Anderson and Skorka, Director of Public Safety Troy Thomas and City Manager Jason Eppler.

## II. Discussion

### A.    Motion to Remand

Shortly after Defendants removed the case to this Court on October 31, 2012, Kim filed a Motion to Remand based on lack of jurisdiction. On December 17, 2012, the Court entered an Order denying Kim's motion, concluding that the Court has subject matter jurisdiction on the basis of Kim's § 1983 claims. (Dkt. # 17.)

Kim filed a second Motion to Remand on February 8, 2013. In this motion, Kim argues that the removal was improper because all Defendants did not join in or consent to the removal, *see* 28 U.S.C. § 1446(b)(2)(A), and Defendants failed to attach a copy of "all process, pleadings, and orders served upon such . . . defendants." *See* 28 U.S.C. § 1446(a). Although Defendants admit that they failed to comply with 28 U.S.C. § 1446(a) because they inadvertently included only one of the summonses that had been served at the time of removal, Defendants contend that such oversight was only a minor procedural defect that Kim waived by failing to raise the issue within thirty days of removal.[3]

The "rule of unanimity," which, subject to limited exceptions not applicable here, requires that all defendants consent to the removal, and the requirement that defendants attach to the notice of removal a copy of all process and pleadings served in the state-court proceeding at the time of removal, are both procedural requirements that do not affect a federal court's jurisdiction. *See Velchez v. Carnival Corp.*, 331 F.3d 1207, 1209 (11th Cir. 2003) (noting that the failure to attach

---

[3]Defendants also move to amend their notice of removal to attach the omitted summonses. (Defs.' Resp. Opposing Pl.'s Mot. to Remand at 5.) The Court will grant Defendants' motion.

"a copy of all process, pleadings, and orders served" as required by § 1446(a) "constitutes a defect in removal procedure within the meaning of § 1447(c)"); *Page v. City of Southfield*, 45 F.3d 128, 129 (6th Cir. 1995) (holding that the district court erred in remanding the case sua sponte because lack of consent by all defendants is a procedural defect not affecting jurisdiction); *Osmose Utils. Servs., Inc. v. Hish*, No. 13-CV-310S, 2013 WL 1625408, at *4 (W.D.N.Y. Apr. 15, 2013) (noting that the requirement to attach a copy of all process, pleadings and orders in § 1446(a) is "a procedural defect and not a jurisdictional one warranting remand"); *Bank of Am. Nat'l Ass'n v. Derisme*, No. 3:10cv900 (MRK), 2010 WL 3211066, at *9 (D. Conn. Aug. 13, 2010) (stating that "other Courts of Appeals and district courts in this Circuit have held that a violation of the rule of unanimity is, like an untimely removal notice, a procedural defect"). In addition, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Procedural defects are deemed waived if not raised within thirty days of removal. *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516–17 (6th Cir. 2003).

Kim filed his second Motion to Remand raising procedural defects in the removal well beyond the thirty-day period. Accordingly, Kim has waived any objection to the alleged procedural defects.[4] Therefore, his motion to remand will be denied.[5]

---

[4] Even if Kim had not waived the objection, his argument that all Defendants failed to consent to the removal lacks merit. All Defendants are represented by the same counsel, who filed the notice of removal on behalf of all Defendants. In fact, the prayer for relief in the notice of removal states that "Defendants, City of Ionia, Jason Eppler, Thomas Troy, Jennifer Skorka, and Brandon Anderson, request that they be allowed to effect removal of the within action from the 8th Circuit Court for the County of Ionia, State of Michigan, to the United States District Court for the Western District of Michigan." (Notice of Removal at 5–6, dkt. #1.) Courts have held that the unanimity requirement is met where, as here, counsel representing all defendants files a notice of removal on behalf of all the defendants. *See Hanna v. RFC Deutsche Bank Nat'l Trust Co.*, No. 3:11-CV-346-L, 2011 WL 2981855, at *4 (N.D. Tex. July 22, 2011) ("Defendants' counsel, acting on their behalf, filed the Notice of Removal . . . within the requisite thirty-day period. As the signing counsel acted formally on Defendants' behalf, counsel had the authority to consent to the Notice of Removal."); *Esposito v. Home Depot U.S.A., Inc.*, 436 F. Supp. 2d 343, 346–47 (D.R.I. 2006) (holding that any doubt about whether a defendant consented to the removal was "eviscerated" by the joint legal representation of the defendants).

[5] Kim argues in his reply brief that the case should be remanded because Defendants failed to obtain concurrence, as required by Local Rule 7.1(d). Kim's argument lacks merit because Local Rule 7 pertains to motion practice, not notices of removal.

4

## B.    Defendants' Motion for Summary Judgment

Defendants move for summary judgment on all of Kim's claims.[6]  Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a).  Material facts are facts which are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).  A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when "'the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986)).

### 1.    Section 1983 Claims

Although Kim alleges a claim under § 1983, he does not specifically identify the constitutional rights he claims Officers Anderson and Skorka violated.  Based on its review of Kim's Amended Complaint, as well as Defendants' summary judgment materials, the Court construes Kim's claims be that Defendants violated the Fourth Amendment because they lacked probable cause to stop his vehicle and violated the Fourteenth Amendment by selectively enforcing Michigan's motor vehicle requirements against Kim on the basis of his race or national origin. Defendants contend that they are entitled to summary judgment on these claims because they are barred by the doctrine of collateral estoppel, or issue preclusion, and because they fail on the merits.

---

[6]Kim argues that the Court should deny Defendants' motion because they failed to comply with Local Rule 7.1(d) by failing to seek concurrence prior to filing their motion and failing to state the efforts they made to obtain concurrence. W.D. Mich. LCivR 7.1(d). Defendants concede that they failed comply with this procedural requirement, but request that the Court excuse their noncompliance in this case. While the Court would normally deny a party's motion without prejudice for noncompliance with Local Rule 7.1(d), the Court concludes that enforcement of the rule under these circumstances would result in a waste of time and judicial resources, as it is abundantly clear that Kim would not have concurred in the requested relief.

Generally, "[f]ederal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state." *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007) (citing 28 U.S.C. § 1738). Therefore, a federal court must look to the law of the state in which the judgment arose—here Michigan—to determine whether the judgment should be given preclusive effect in a federal action. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 896 (1984).

In Michigan, the doctrine of collateral estoppel, also known as issue preclusion, bars a party in certain instances from relitigating an issue that was determined in a prior proceeding. *See Hammer v. INS*, 195 F.3d 836, 840 (6th Cir. 1999). "A court must apply issue preclusion when 1) the parties in both proceedings are the same or in privity, 2) there was a valid, final judgment in the first proceeding, 3) the same issue was actually litigated in the first proceeding, 4) that issue was necessary to the judgment, and 5) the party against whom preclusion is asserted (or its privy) had a full and fair opportunity to litigate the issue." *United States v. Dominguez*, 359 F.3d 839, 842 (6th Cir. 2004) (citing *Michigan v. Gates*, 434 Mich. 146, 154–56, 452 N.W.2d 627, 630–31 (1990)). In addition, under Michigan law, mutuality of estoppel is "not required when collateral estoppel [is] being used defensively." *Gilbert v. Ferry*, 413 F.3d 578, 581 (6th Cir. 2005) (citing *Monat v. State Farm Ins. Co.*, 469 Mich. 679, 681, 677 N.W.2d 843, 844–45 (2004)).

All of elements required to invoke issue preclusion are present in this case. First, Kim was a party in both cases. While Defendants were not parties in the state-court proceeding, mutuality is not required for defensive collateral estoppel. Second, the state-court's order is a valid, binding judgment. Third, the issues Kim raises in this case were actually litigated in the state-court case. As noted, Kim raised lack of probable cause and selective enforcement as defenses to the motor vehicle violations, which are the same issues he raises in this case. Fourth, these issues were necessary to the state-court's judgment because they are central to whether the officers had a lawful

6

basis to stop Kim. Finally, Kim had a full and fair opportunity to litigate these issues in the state-court hearing. *See Autrey v. Stair*, 512 F. App'x 572, 578–79 (6th Cir. 2013) (holding that collateral estoppel barred the plaintiff from relitigating the issue of probable cause that was decided against the plaintiff in his preliminary examination in the state-court criminal case). Accordingly, Kim's claims under § 1983 are barred by issue preclusion.

Although the Court need not address whether Officers Anderson and Skorka lacked probable cause and selectively enforced the law against Kim on an impermissible basis, the Court will do so briefly simply to note that Kim's claims fail even without the application of issue preclusion. First, as to probable cause to stop Kim, the law is clear that Kim had no expectation of privacy in the information on his license plate and that Officer Skorka's input of that information into the computer for a LEIN search did not constitute a search for Fourth Amendment purposes. *United States v. Ellison*, 462 F.3d 557, 561–63 (6th Cir. 2006). Thus, contrary to Kim's assertion, Defendants did not violate his rights by using his license plate information to run a LEIN search. Moreover, once Defendants learned that the license plate on Kim's truck was not valid, they had sufficient probable cause to stop Kim. *See United States v. Steele*, 353 F. App'x 908, 909 (5th Cir. 2009) (holding that an expired license plate on the defendant's vehicle justified the initial traffic stop by the police); *United States v. Toney*, 124 F. App'x 713, 715 (3d Cir. 2005) ("In this case, Toney was operating a vehicle with an invalid license plate. Because of this traffic violation, Office [sic] Devine was justified in making the initial stop.").

As for Kim's selective enforcement claim, such "claims are judged according to ordinary Equal Protection standards, which require a petitioner to show both a discriminatory purpose and a discriminatory effect." *Gardenhire v. Schubert*, 205 F.3d 303, 318 (6th Cir. 2000). A plaintiff may establish selective enforcement by showing that "'the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to

7

punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person.'" *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1137 n.7 (6th Cir. 1995) (quoting *FSK Drug Corp. v. Perales*, 960 F.2d 6, 10 (2d Cir. 1992)). Other than Kim's bald allegations, there is no evidence in the record that Officers Anderson and Skorka targeted Kim because of his race or national origin. There is no indication that either of them had any idea who was driving the vehicle until they pulled it over. Accordingly, Kim's selective enforcement claim lacks merit.

Kim's § 1983 claims against Defendants Thomas and Eppler, which are supervisory capacity claims, fail not only because the claims against Officers Anderson and Skorka lack merit, but because Kim fails to present any evidence showing that Thomas or Eppler "encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Similarly, Kim's failure to establish a constitutional violation by Officers Anderson and Skorka necessarily means that his municipal liability claim against the City fails as a matter of law. *See Tucker v. City of Richmond*, 388 F.3d 216, 224 (6th Cir. 2004) (stating that "there can be no municipal liability under section 1983 for maintaining a policy of unconstitutionally retaliating against individuals . . . when no such unconstitutional retaliation has actually occurred").

### 2.     Title VI Claim Against the City

Kim alleges that the City violated Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, in connection with the traffic stop. "Title VI prohibits the exclusion from participation in, denial of benefits of, and discrimination under federally assisted programs on the ground of race, color, or national origin." *Ross v. Michigan State Univ. Bd. of Trs.*, No. 11-2278, 2012 WL 3240261, at *1 (6th Cir. June 20, 2012) (citing 42 U.S.C. § 2000d). To succeed on his claim, Kim must introduce evidence of intentional discrimination. *Id.* As set forth above, Kim has failed to

8

present any evidence that discrimination played any part in the officers' decision to stop Kim or ticket him for the violations. Therefore, the City is entitled to summary judgment on this claim.

### 3. State Law Claims

Kim alleges that Defendants violated various Michigan criminal statutes. First, he contends that Defendants violated M.C.L. §§ 750.411h and 750.411i, which pertain to stalking and aggravated stalking, and he seeks relief under M.C.L. § 600.2954, which provides a civil action to any person who has been subjected to stalking. Second, Kim alleges that Defendants violated M.C.L. § 750.539h, which provides civil remedies to victims of unlawful eavesdropping, M.C.L. § 750.539*l*, which prohibits the installation or placement of tracking devices on or in a vehicle without the owner's consent, and M.C.L. § 750.540, which prohibits the cutting, breaking or tapping of telephone lines. Finally, Kim alleges that Defendants violated M.C.L. § 600.2953, which provides a civil action for damages and penalties to a "merchant" who was a victim of retail fraud.

Kim fails to allege any facts that show that Defendants violated any of these statutes. For example, Officers Anderson and Skorka's conduct of following Kim's vehicle does not constitute stalking because stalking requires "a willful course of conduct involving repeated or continuing harassment of another individual." M.C.L. § 750.411h(d). Similarly, Kim fails to allege how Officers Anderson and Skorka engaged in eavesdropping, nor does he allege that they installed a tracking device on his vehicle. Moreover, M.C.L. § 750.539*l* does not apply to "[t]he installation or use of a tracking device by a police officer while lawfully performing his or her duties as a police officer." M.C.L. § 750.539l(2)(g). Kim appears to allege that Officer Skorka eavesdropped or used a telephone without authorization to call his insurance agent, but such an allegation does not align with the evidence. The evidence shows that Officer Skorka used her own phone to call Kim's insurance agent. Kim also fails to cite any case or statute that barred the officers from obtaining or

using information from his insurance agent in an investigation. Kim's assertion that the officers violated his rights by calling his insurance agent is simply wrong. Finally, Kim fails to explain how he qualifies as a "merchant" for purposes of the retail fraud statute or how Officers Anderson or Skorka committed retail fraud. Accordingly, Defendants are entitled to summary judgment on Kim's state law claims because they lack merit.

**C.      Kim's Motion for Summary Judgment and Motion for Discovery**

The Court concludes that Kim's Motion for Summary Judgment should be denied for the reasons set forth above. Rather than supporting his motion with admissible evidence as required for a summary judgment motion, *see* Fed. R. Civ. P. 56(c)(1), Kim merely relies on the allegations in his Amended Complaint and statements in his brief. Thus, Kim fails to meet his burdens in opposing Defendants' Motion for Summary Judgment and in supporting his own Motion for Summary Judgment. For similar reasons, the Court will deny Kim's Motion for Discovery. Although Kim cites the proper rule and states that the Court should allow him to conduct discovery, Kim fails to explain how discovery would support his legally insufficient claims.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motion for Summary Judgment. The Court will deny Kim's Motion to Remand, Motion for Summary Judgment, and Motion for Discovery.

An Order consistent with this Opinion will be entered.

Dated: July 31, 2013                           _____/s/ Gordon J. Quist_____
                                               GORDON J. QUIST
                                               UNITED STATES DISTRICT JUDGE

10

Exhibit C. The *Kim I Court of appeal* affirmed the judgment.

## NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 13-2084

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Apr 29, 2014

DEBORAH S. HUNT, Clerk

| | |
|---|---|
| GWANJUN KIM,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>CITY OF IONIA, et al.,<br><br>    Defendants-Appellees. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF
MICHIGAN

O R D E R

Before: KEITH, SILER, and ROGERS, Circuit Judges.

GwanJun Kim, a Michigan citizen proceeding pro se, appeals a district court judgment dismissing his civil-rights claims brought pursuant to 42 U.S.C. § 1983, Title VI of the Civil Rights Act of 1964, and state law. This case has been referred to a panel of the court pursuant to Federal Rule of Appellate Procedure 34(a)(2)(C). Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Kim filed in state court a complaint against the City of Ionia, Director of Public Safety Thomas Troy, City Manager Jason Eppler, and police officers Jennifer Skorka and Brandon Anderson, alleging that Skorka and Anderson violated his constitutional rights and discriminated against him based on his race or national origin when they followed the vehicle that he was driving, ran a check of the vehicle's license plate, verified the expiration of his insurance coverage, initiated a traffic stop of his vehicle, and issued a traffic ticket based on improper plates and expired insurance. He contended that the City of Ionia, Troy, and Eppler implemented

careless and reckless policies, customs, or practices allowing for Skorka's and Anderson's actions and that Troy and Eppler failed to adequately train and supervise officers. He asserted in his complaint and an amended complaint that his claims arose under § 1983, Title VI, and state law. The defendants removed the action to federal court.

The district court granted the defendants' motion for summary judgment, denied Kim's motion for summary judgment, and entered a judgment in favor of the defendants. Because Kim had not specified which constitutional rights were violated, the district court construed his claims alleging lack of probable cause as alleging Fourth Amendment violations and his claims alleging selective enforcement of Michigan's motor vehicle requirements on the basis of race or national origin as alleging violations of the Fourteenth Amendment. The district court determined that because the state court already had addressed Kim's § 1983 claims in criminal proceedings against him, the claims were barred by collateral estoppel. The district court determined further that these claims failed even without collateral estoppel because Kim had no expectation of privacy in the information on his license plate, police had probable cause to stop Kim, there was no evidence that police targeted Kim on an impermissible basis, and there was no basis for liability of Troy, Eppler, or the City of Ionia. It also decided that there was no Title VI liability because there was no evidence of discrimination and that Kim's state-law claims lacked any merit. Kim filed a timely notice of appeal.

We review de novo a district court's grant of summary judgment. *Jakubowski v. Christ Hosp., Inc.*, 627 F.3d 195, 200 (6th Cir. 2010). A district court properly grants summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Id.*; Fed. R. Civ. P. 56(a).

On appeal, Kim explicitly waives his state-law claims. Kim argues for the first time in his reply brief that his § 1983 claims are not barred by collateral estoppel and that the district court acted fraudulently in deciding his case. We need not consider these arguments. *See Osborne v. Hartford Life & Accident Ins. Co.*, 465 F.3d 296, 301 (6th Cir. 2006). Moreover, for the reasons stated below, regardless of whether collateral estoppel is applicable to Kim's case, Kim has not demonstrated that there is a genuine issue of material fact as to his § 1983 claims.

Additionally, as to Kim's allegations of judicial fraud, adverse rulings by a court almost never establish bias or prejudice. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

Kim argues that the police lacked probable cause to follow his vehicle and run his plates and that the police engaged in selective enforcement by improperly targeting him based on his race or national origin. However, he does not have a Fourth Amendment expectation of privacy in the information contained in his license plate. *See United States v. Ellison*, 462 F.3d 557, 561 (6th Cir. 2006). Kim's Fourth Amendment rights also were not violated when police followed his vehicle while running his plates. *See United States v. Jackson*, 682 F.3d 448, 453 (6th Cir.), *cert. denied*, 133 S. Ct. 370 (2012).

Furthermore, a stop of a vehicle by a police officer does not violate the Fourth Amendment where the officer has probable cause to believe that a traffic violation has occurred. *United States v. Davis*, 430 F.3d 345, 352 (6th Cir. 2005). In Michigan, a license plate infraction like Kim's suffices as a traffic violation providing probable cause for a stop. *See People v. Adams*, No. 295027, 2011 WL 222222, at *3-4 (Mich. Ct. App. Jan. 25, 2011); Mich. Comp. Laws § 257.255. Where the basis for a stop is proper, a court must determine "whether the degree of intrusion . . . was reasonably related in scope to the situation at hand, which is judged by examining the reasonableness of the officials' conduct given their suspicions and the surrounding circumstances." *Davis*, 430 F.3d at 354 (citation omitted). Kim has not provided any evidence establishing that the officers' verification with his insurance company that his insurance was in fact expired was unreasonable. Accordingly, Kim has not demonstrated that there is a genuine issue of material fact regarding a Fourth Amendment violation by police or by Eppler, Troy or the City of Ionia due to a failure to adequately train or supervise officers.

As to Kim's selective enforcement claim, this court has set forth three elements of an equal protection claim based on selective enforcement:

> First, [a government actor] must single out a person belonging to an identifiable group, such as those of a particular race or religion, or a group exercising constitutional rights, for prosecution even though he has decided not to prosecute persons not belonging to that group in similar situations. Second, he must initiate the prosecution with a discriminatory purpose. Finally, the prosecution must have a discriminatory effect on the group which the defendant belongs to.

*United States v. Anderson*, 923 F.2d 450, 453 (6th Cir. 1991) (citation omitted). Here, Kim asserts that because his March 2012 license plate sticker was not expired on its face and because officers admitted during his criminal proceedings that they conducted such searches randomly, it necessarily follows that there was a discriminatory purpose for the search. Because Kim has provided no evidence establishing that the search of his license plate was performed with any discriminatory intent, he has not established that there is a genuine issue of material fact as to the issue whether there was selective enforcement. For the same reasons, Kim has not established a genuine issue of material fact as to his Title VI claim. *See* 42 U.S.C. § 2000d.

Kim also argues that the district court erred in denying his motion to remand the case to state court. He asserts that the instant civil action constituted an appeal of his criminal proceedings that should not have been removed to the district court. However, this assertion is belied by the record.

Kim also contends that the district court lacked subject-matter jurisdiction because the defendants failed to attach all of the copies of the summonses that had been served upon them to their notice of removal. A defendant who wishes to remove a civil action from state court must file in the district court a notice of removal, "together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). We review de novo the district court's determination of subject-matter jurisdiction and the denial of a motion to remand. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). Where a defect in removal is procedural, rather than jurisdictional, remand is not required. *Grudzinski v. Staren*, 87 F. App'x 508, 512 (6th Cir. 2004). A defendant's omission of a summons from a joint notice of removal is a minor procedural defect that is curable, either before or after the expiration of the thirty-day period for removal. *Countryman v. Farmers Ins. Exch.*, 639 F.3d 1270, 1273 (10th Cir. 2011). Accordingly, Kim has not demonstrated that the district court erred in denying his motion for remand on this basis.

Finally, Kim argues that the district court erred in granting the defendants' motion for summary judgment because the defendants failed to ascertain whether he opposed their motion for summary judgment pursuant to Western District of Michigan Local Civil Rule 7.1(d) before

No. 13-2084
- 5 -

they filed it. Kim has not demonstrated any error in the district court's determination that although the defendants conceded that they had not met this requirement, enforcement of the rule by denying the defendants' motion without prejudice would cause a waste of time and resources because it was clear that Kim would not have concurred in the relief requested by the defendants.

The district court's judgment is affirmed. *See* Fed. R. App. P. 34(a)(2)(C). All outstanding motions are denied.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

Exhibit D.  The *Kim I district Court* denying plaintiff's Motion for
Relief from Judgment that"especially because the Sixth Circuit
has already affirmed the judgment.[1]" See. p.1

---

[1] See. p.1 Exhibit H. Order denying plaintiff's Motion for Relief from Judement.

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GWANJUN KIM,

               Plaintiff,                    Case No. 1:12-CV-1195

v.                                         HON. GORDON J. QUIST

CITY OF IONIA, JASON EPPLER,
THOMAS TROY, JENNIFER SKORKA,
BRANDON ANDERSON,

               Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION
## FOR RELIEF FROM JUDGMENT

Plaintiff has filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(3) alleging that the Court should set aside its July 31, 2013 Order granting Defendants' Motion for Summary Judgment and denying Plaintiff's Second Motion to Remand on the grounds that Defendants and their counsel committed fraud. Plaintiff also appears to allege that this Court and the panel of the United States Court of Appeals for the Sixth Circuit that heard Plaintiff's appeal and affirmed this Court's dismissal of Plaintiff's claims committed fraud and/or should have recused from hearing this matter.

Although Plaintiff's allegations are disjointed and difficult to decipher, it appears that Plaintiff is arguing that the Court's prior rulings were incorrect—that the Court should have remanded the case to state court and that the Court's prior summary judgment rulings were erroneous. Such arguments provide no basis for relief from judgment, especially because the Sixth Circuit has already affirmed the judgment. In addition, Plaintiff seems to argue that the Court should not have allowed Defendants to remove the state criminal cases to this Court, but that is not

what occurred.  Rather, Defendants removed Plaintiff's civil case to this Court.

As for fraud, although Plaintiff makes numerous conclusory allegations that Defendants and their counsel committed some type of fraud, he fails to show what the fraud was or how the Court was misled by such fraud.  Plaintiff also cites several criminal and civil statutes, *e.g.*, 18 U.S.C. § 1621(2) (perjury) and 28 U.S.C. § 1655 (lien enforcement), but those statutes have no bearing on this case or Plaintiff's motion.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Relief from Order Under Fed. R. Civ. P. 60(b)(3) Fraud (dkt. no. 65) is **DENIED**.


Dated:  December 23, 2014                           /s/ Gordon J. Quist
                                                            GORDON J. QUIST
                                                            UNITED STATES DISTRICT JUDGE

Exhibit E.    The *Kim I Court of appeal* Denies Kim's Motion for leave
              to proceed in forma pauperis that p.2"Rule 60(b) does not
              allow a defeated litigant a second chance to convince the court to
              rule.

No. 18-1974

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 03, 2019
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| GWANJUN KIM, | ) |
| | ) |
|     Plaintiff-Appellant, | ) |
| | ) |
| v. | )    O R D E R |
| | ) |
| CITY OF IONIA, et al., | ) |
| | ) |
|     Defendants-Appellees. | ) |
| | ) |
| | ) |

GwanJun Kim, a Michigan litigant proceeding pro se, appeals the district court's order denying his second motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6). Kim moves this court for leave to proceed in forma pauperis on appeal. *See* Fed. R. App. P. 24(a)(5).

In 2012, Kim filed a complaint against the defendants in the Ionia County Circuit Court, raising a claim under 42 U.S.C. § 1983 for violation of his civil rights and a state law claim of fraud. The defendants removed Kim's complaint to the district court on the basis of federal question jurisdiction. Kim filed a motion to remand, which the district court denied. The district court subsequently granted the defendants' motion for summary judgment, denied Kim's motion for summary judgment and second motion to remand, and dismissed Kim's claims with prejudice. This court affirmed the district court's judgment. *Kim v. City of Ionia*, No. 13-2084 (6th Cir. Apr. 29, 2014) (order).

In March 2018, Kim filed a motion for relief from judgment pursuant to Rule 60(b)(6). Kim asserted that his complaint was not removable because the state court clerk entered default when the defendants failed to file a timely answer and that the district court lacked subject-

matter jurisdiction because the parties were non-diverse. Denying Kim's motion, the district court determined that he continued to make arguments that had been repeatedly rejected. This court dismissed Kim's appeal for failure to file a timely notice of appeal. *Kim v. City of Ionia*, No. 18-1650 (6th Cir. July 19, 2018) (order).

A month later, Kim filed a second Rule 60(b)(6) motion, raising the same arguments that he raised in his first one. The district court denied Kim's motion for the reasons stated in its prior order. Kim timely appealed. Kim moved for leave to proceed in forma pauperis on appeal, which the district court denied on the basis that his appeal is frivolous.

Kim now moves this court for leave to proceed in forma pauperis on appeal. If the district court certifies that an appeal is not taken in good faith, the appellant may file a motion for leave to proceed in forma pauperis on appeal with this court. Fed. R. App. P. 24(a)(5); *Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). "Good faith" is judged by an objective standard and is demonstrated by seeking "appellate review of any issue not frivolous." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An issue is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

"This court reviews a district court's denial of a Rule 60(b) motion for relief from judgment for an abuse of discretion." *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012). Under Rule 60(b)(6), a party may obtain relief from judgment "for any other reason that justifies relief." Rule 60(b)(6) is reserved for "unusual and extreme situations where principles of equity *mandate* relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). Kim's second Rule 60(b)(6) motion merely rehashed the same meritless arguments that the district court had already considered and rejected. *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001) ("Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor . . . ."). There is no arguable basis for asserting that the district court abused its discretion in denying Kim's motion.

No. 18-1974
- 3 -

        Accordingly, this court **DENIES** Kim's motion for leave to proceed in forma pauperis on appeal. Unless Kim pays the $505 filing fee to the district court within thirty days of the entry of this order, this appeal will be dismissed for want of prosecution.

                            ENTERED BY ORDER OF THE COURT

                            Deborah S. Hunt, Clerk

Exhibit F.   The United States District Eastern District of Michigan case number
19-cv-10524 (*Kim II)* Order dismiss this case that "Moreover, to
extent his claims are not estopped or complaint [Rule 9(b) fraud]
does not state a claim upon which relief can be granted, the case is
dismissed"p.2

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

GwanJun Kim,

                Plaintiff,

vs.

City of Ionia *et al.*,

                Defendant.

_____/

Case No. 19-cv-10524

Judith E. Levy
United States District Judge

Mag. Judge Stephanie Dawkins Davis

# ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES [2] AND DISMISSING CASE

Plaintiff GwanJun Kim filed a complaint again the City of Ionia and various of its employees on February 21, 2019. (Dkt. 1.) He asks the Court for permission to proceed without prepaying fees or costs. (Dkt. 2.) "[A]ny court of the United States may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees . . . by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees." 28 U.S.C. § 1915 (a)(1). Plaintiff satisfies this requirement, so his application to proceed without paying costs is **GRANTED**.

The *in forma pauperis* statute mandates the Court to "dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." § 1915(e)(2). Here, plaintiff is attempting to relitigate issues from a case he extensively litigated before the U.S. District Court for the District of Western Michigan. (*See* Case No. 12-01195.) Although the complaint is not clearly delineated, many of the discernable issues are collaterally estopped. For instance, his requested relief under Rule 60(b) has been denied twice by the Western District. (W.D. Mich. No. 12-01195, Dkts. 80, 87.) Likewise, the Western District held that removal was proper. (*Id.* Dkt. 98-1.) Moreover, to the extent his claims are not estopped or otherwise improperly before this Court, the complaint does not state a claim upon which relief can be granted. Therefore, the case is **DISMISSED**.

IT IS SO ORDERED.

Dated: February 27, 2019.        s/ Judith E. Levy
       Ann Arbor, Michigan       JUDITH E. LEVY
                                United States District Judge

Exhibit G.   The Sixth Circuit No.19-1389 (*Kim II Court of appeal*)
affirmed the dismiss the case that the "Rule 9(b) fraud [
the *Kim I court* was not were not following Fed. R. Civ. P.
55 (a)&(b); 28 U.S. Code § 1446(b)(3); 28 U.S.C. § 1331;28
U.S. Code § 1738 and cause of action.]

it does not create a federal cause of action for
fraud....Affirm the district court dismiss order"p.4

## NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 19-1389

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

<table>
<tr><td></td><td></td><td></td></tr>
</table>

|  |  |  |
|---|---|---|
| GWANJUN KIM, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| CITY OF IONIA, et al., | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| Defendants-Appellees. | ) | |
| | ) | |
| | ) | |

**FILED**
Sep 17, 2019
DEBORAH S. HUNT, Clerk

O R D E R

Before: NORRIS, SILER, and SUTTON, Circuit Judges.

GwanJun Kim, a pro se Michigan litigant, appeals the district court's orders dismissing his case and denying his motion for reconsideration. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

In 2012, Kim filed a complaint in the Ionia County Circuit Court against the City of Ionia, City Manager Jason Eppler, Director of Public Safety Troy Thomas, and Officers Jennifer Skorka and Brandon Anderson, alleging that the defendants violated his civil rights in violation of 42 U.S.C. § 1983 and committed fraud in violation of state law. The defendants removed Kim's complaint to the district court on the basis of federal-question jurisdiction. *Kim v. City of Ionia*, No. 1:12-cv-1195 (W.D. Mich.) (*Kim I*). Kim filed a motion to remand, which the district court

denied.  The district court subsequently granted the defendants' motion for summary judgment, denied Kim's motion for summary judgment and second motion to remand, and dismissed Kim's claims with prejudice.  This court affirmed the district court's judgment. *Kim v. City of Ionia*, No. 13-2084 (6th Cir. Apr. 29, 2014) (order), *en banc reh'g denied* (6th Cir. Nov. 20, 2014) (order). Kim filed multiple motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60, asserting in relevant part that the defendants and their attorneys committed fraud in removing his case from state court and in moving for summary judgment.  The district court denied Kim's motions.

Kim then filed the instant action against the same defendants named in *Kim I* as well as their attorney, David K. Otis.  According to Kim, the defendants violated Federal Rule of Civil Procedure 9(b), "constituting fraud."  Kim alleged that the defendants committed fraud in *Kim I* in removing his case from state court and moving for summary judgment.  The district court granted Kim's motion for leave to proceed in forma pauperis and sua sponte dismissed the case pursuant to 28 U.S.C. § 1915(e)(2).  The district court concluded that Kim's complaint was barred by collateral estoppel and, to the extent not estopped, failed to state a claim upon which relief can be granted.  Kim filed a motion for reconsideration, which the district court denied.  This timely appeal followed.

We agree with the district court that Kim failed to state a claim. Rule 9(b) provides that a party alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake." Rule 9(b) is a pleading requirement; it does not create a federal cause of action for fraud. Kim twice cited the perjury statute, 18 U.S.C. § 1621, but that criminal statute does not create a private right of action either. *See Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone . . . .").  This leaves Kim with no leg to stand on, so we must dismiss. *See Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 750 (6th Cir. 2014).

No. 19-1389
- 3 -

Accordingly, we **AFFIRM** the district court's dismissal order.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

Approved, SCAO

| STATE OF MICHIGAN JUDICIAL DISTRICT 8TH JUDICIAL CIRCUIT COUNTY PROBATE | SUMMONS AND COMPLAINT | Original - Court 1st copy - Defendant 2nd copy - Plaintiff 3rd copy - Return |
|---|---|---|

**CASE NO.**
12-__-29547-AV

Court telephone no.

Plaintiff's name(s), address(es), and telephone no(s).
Gregory Hile
300 East Tuttle Rd Lot 54
Ionia, MI 48846
(616)902-4344

v

Defendant's name(s), address(es), and telephone no(s).
City of Ionia
114 North Kidd Street
Ionia, MI 48846

Plaintiff's attorney, bar no., address, and telephone no.

**SUMMONS** **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued 10-9-12 | This summons expires 1-9-13 | Court clerk Tonda Rich |
|---|---|---|

This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT** Instructions: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.

Family Division Cases
☑ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

General Civil Cases
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Place where action arose or business conducted | |

10/09/2012
Date

Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01  (3/08) SUMMONS AND COMPLAINT   MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

| | | Original - Court 1st copy - Defendant | | 2nd copy - Plaintiff 3rd copy - Return |
|---|---|---|---|---|

Approved, SCAO

STATE OF MICHIGAN
JUDICIAL DISTRICT
8TH JUDICIAL CIRCUIT
COUNTY PROBATE

**SUMMONS AND COMPLAINT**

CASE NO.
K
12-74-29547-AV

Court telephone no.

Plaintiff's name(s), address(es), and telephone no(s).

v

Defendant's name(s), address(es), and telephone no(s).

Jason Eppler
114 North Kidd Street
Ionia, MI 48846

Plaintiff's attorney, bar no., address, and telephone no.

**SUMMONS** **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file a written answer with the court and serve a copy on the other party or take other action with the court (28 days if you were served by mail or you were served outside this state). (MCR2.111 [c])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires. | Court clerk |
|---|---|---|
| 10-9-12 | 1-8-13 | Tonda Rich |

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT** Instructions: The following is information that is required to be in the caption of every complaint and is to be completed numbered allegations and the claim for relief must be stated on additional complaint pages and attached to this form.

Family Division Cases

☑ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

General Civil Cases

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|

Place where action arose or business conducted

| Date 10/9/2012 | Signature of attorney/plaintiff |
|---|---|

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/08) SUMMONS AND COMPLAINT    MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

Exhibit H.   On October 9, 2012 The State 8th Circuit Court Summons issued *See.*
             *Kim I* The U.S District Court docket no. 78 Attachments: # 2 Exhibit
             A or *See.* Exhibit H.

Exhibit I.    On November 5, 2012 *Kim I,* Defendants answered to Complaint at federal court *See*. *Kim I* Docket no.4 or Exhibit I.

Query    Reports    Utilities    Help    Log Out

CLOSED

# United States District Court
# Western District of Michigan (Southern Division (1))
# CIVIL DOCKET FOR CASE #: 1:12-cv-01195-GJQ

Kim v. Ionia, City of et al
Assigned to: Judge Gordon J. Quist
Case in other court: Ionia County Circuit Court, 12-K-29547-
                     AV
                     the Sixth Circuit, 13-02084
                     the Sixth Circuit, 15-01178
                     the Sixth Circuit, 18-01650
                     the Sixth Circuit, 18-01974
Cause: 28:1441 Petition for Removal - Other Civil Rights

Date Filed: 10/31/2012
Date Terminated: 07/31/2013
Jury Demand: Defendant
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

| Date Filed | # | Docket Text |
|---|---|---|
| 10/31/2012 | 1 | NOTICE OF REMOVAL from Ionia County Circuit Court case number 12-K-29547-AV filed by Ionia, City of, Jason Eppler, Thomas Troy, Jennifer Skorka, and Brandon Anderson(Attachments: # 1 Exhibit)(Otis, David) Modified text on 11/1/2012 (ald). (Entered: 10/31/2012) |
| 10/31/2012 | | FILING FEE PAID re 1 by defendant Ionia, City of in the amount of $350, receipt number 0646-2403748 (Otis, David) (Entered: 10/31/2012) |
| 11/01/2012 | 2 | NOTICE that this case has been assigned to Judge Gordon J. Quist ; with NOTICE OF DEFICIENCY re corporate disclosure statement (ald) (Entered: 11/01/2012) |
| 11/01/2012 | | Copy of Notice Regarding Assignment of Case 2 sent via U.S. Mail to GwanJun Kim (ald) (Entered: 11/01/2012) |
| 11/01/2012 | 3 | CORPORATE DISCLOSURE STATEMENT *of Defendants* by Brandon Anderson, Jason Eppler, Ionia, City of, Jennifer Skorka, Thomas Troy (Otis, David) (Entered: 11/01/2012) |
| 11/05/2012 | 4 | ANSWER to complaint 1 with affirmative defenses and jury demand by Brandon Anderson, Jason Eppler, Ionia, City of, Jennifer Skorka, Thomas Troy(Otis, David) Modified text on 11/13/2012 (kvt). (Entered: 11/05/2012) |
| 11/05/2012 | 5 | NOTICE re 4 *Proof of Service of Mailing* by defendants Brandon Anderson, Jason Eppler, Ionia, City of, Jennifer Skorka, Thomas Troy (Otis, David) (Entered: 11/05/2012) |
| 11/07/2012 | 6 | ORDER setting Rule 16 scheduling conference: Rule 16 scheduling conference is set for 12/4/2012 at 10:00 AM at 584 Federal Building, Grand Rapids, MI before Magistrate Judge Hugh W. Brenneman Jr.; status report due by 11/29/2012; signed |

Exhibit J.    Defendants' Counsel David K. Otis (p31627) constituting fraud at the Defendants' Supplemental Brief in opposing Plaintiff's Motion to Remand that "the state court Clerk's Entry of default was in error as Defendants had already filed Notice of Removal Defendants had filed the Notice of Removal. [On October 31, already Defendants failed to answer to complaint]with state court and had [on November 5, 2012 *See* Exhibit I.]filed an answer to the complaint in federal court [On October 29, 2012, already Defendants failed to answer to complaint *"within 21days" See* Summon issued October 9, 2012 Exhibit H .] before the Clerk entered the default notice" p.2.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

GWANJUN KIM,

        Plaintiff,

-vs-

        Docket No: 12-cv-1195

CITY OF IONIA, JASON EPPLER,
THOMAS TROY, JENNIFER SKORKA,
BRANDON ANDERSON

        Defendants.

| | |
|---|---|
| Gwanjun Kim, In Pro Per | David K. Otis (P31627) |
| 360 East Tuttle Road, Lot 54 | PLUNKETT COONEY |
| Ionia, MI 48846 | Attorneys for Defendants |
| (616) 902-4344 | 325 E. Grand River Ave, Ste 250 |
| gwanjun@hotmail.com | East Lansing, MI 48823 |
| | (517) 324-5612 |
| | dotis@plunkettcooney.com |

## DEFENDANTS' SUPPLEMENTAL BRIEF IN RESPONSE OPPOSING PLAINTIFF'S MOTION TO REMAND CAUSE OF ACTION TO THE IONIA COUNTY CIRCUIT COURT

        Defendants, City of Ionia, Jason Eppler, Thomas Troy, Jennifer Skorka and Brandon Anderson, by and through their attorneys, PLUNKETT COONEY, file their Supplemental Brief in Response Opposing Plaintiff's Motion to Remand the Cause of Action to the Ionia County Circuit Court. Plaintiff has filed a Notice of Plaintiff's Amended Notice of Filing Removal. (Doc. No. 13) which is in essence a supplement to his previously filed Motion for Remand (named as Notice of Filing Removal) (Doc. No. 8). Defendants have filed a response and brief opposing remand. (Doc No. 12). His amended notice of filing removal which is basically another document requesting

remand indicates that a Clerk's Entry of Default have been entered by the state court against each Defendant. The state court Clerk's Entry of Default was in error as Defendants had already filed the Notice of Removal with the state court and had filed an answer to the complaint in federal court before the Clerk entered the default notices.

An outline of the procedural history shows that:

1.      Plaintiff filed a civil complaint in the Ionia County Circuit Court on October 9, 2012, Case no. 12-K-29547-AV, alleging violations of his civil rights and constitutional rights.

2.      Defendants were served with the complaint on October 10, 2012.

3.      Defendants removed the case to the United States District Court for the Western District of Michigan on October 31, 2012 and delivered a copy of the Notice of Removal to the Ionia County Circuit Court on that same day. See 28 USC § 1446(d).

4.      The Notice of Removal was emailed to Plaintiff on October 31, 2012 and sent via regular mail on November 1, 2012.

5.      Defendants filed in federal court an answer to the complaint, affirmative defenses and jury demand on November 5, 2012.

5.      Plaintiff obtained a Clerk's Entry of Default for each named Defendant on November 13, 2012.

Plaintiff clearly indicates in his Amended Notice of Removal, paragraph 1 that he is alleging violations of rights protected by the U.S. constitution and laws – the proper basis for Defendants' removal of the case based on federal question jurisdiction.

**Further**, the notices of default were entered erroneously as the Notice of Removal had **been filed** with the state court and Defendants had filed an answer to the complaint in **federal** court. The error by the clerk in state court entering notices of default is not a **basis** for remand.

For the reasons stated above, Defendants request that this Honorable Court deny Plaintiff's motion to remand.

Respectfully submitted,

PLUNKETT COONEY

Date:  November 21, 2012

By: _____/s/ David K. Otis_____
    David K. Otis (P31627)
    Attorney for Defendants
    City Center Office Building
    325 East Grand River Ave., Suite 250
    East Lansing, MI 48823
    (517) 324- 5612

## SIGNATURE AND SERVICE CERTIFICATION

I, David K. Otis, undersigned attorney for Defendants, certify that, on November 21, 2012, I caused to be electronically filed Defendants' Supplemental Brief in Response Opposing Plaintiff's Amended Motion to Remand with the Clerk of the Court using the ECF system and has caused this filing shall be mailed via U.S. Postal Service to In Pro Per Plaintiff.

Respectfully submitted,
PLUNKETT COONEY

Dated:  November 21, 2012

By: /S/  David K. Otis_____·
    David K. Otis (P31627)
    Attorney for Defendants
    325 E. Grand River Ste 250
    East Lansing, MI 48823
    (517) 324-5612

Open.00560.23191.12381261-1

3

Exhibit K.   Defendants' Counsel David K. Otis (p31627) constituting fraud at the Defendants' Brief in support of defendants' Motion for summary Judgment p. 12 that "the video show that the rear window of the pick-up was tinted and you cannot see who is driving the vehicle"

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

GWANJUN KIM,

              Plaintiff,                Docket No:  12:CV-01195

-vs-

CITY OF IONIA, JASON EPPLER,
THOMAS TROY, JENNIFER SKORKA,
BRANDON ANDERSON

              Defendants.

| | |
|---|---|
| Gwanjun Kim, In Pro Per | David K. Otis (P31627) |
| 360 East Tuttle Road, Lot 54 | PLUNKETT COONEY |
| Ionia, MI48846 | Attorneys for Defendants |
| (616) 902-4344 | 325 E. Grand River Ave, Ste 250 |
| gwanjun@hotmail.com | East Lansing, MI48823 |
| | (517) 324-5612 |
| | dotis@plunkettcooney.com |

**DEFENDANTS' BRIEF IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

Plaintiff alleges he was treated differently than a "Caucasian" or a "Smith," the evidence belies that. According to the officers' testimony, they routinely run license plates in the LEIN system while on patrol. There is no evidence that there was a discriminatory purpose to following Plaintiff's vehicle and running the LEIN search. The video shows that the rear window of the pick-up was tinted and you cannot see who is driving the vehicle. Only after running the LEIN search would the officers have determined that the Plaintiff was oriental, based on his name. Further, under the facts and circumstances of the case, Plaintiff cannot present clear evidence to overcome the strong presumption that t he officers properly discharged their official duties. On these bases, summary judgment on allegations that could be construed as asserting a Fourteenth Amendment selective enforcement claim is warranted.

**4.      Allegations of Supervisory liability**

Plaintiff alleges that Director of Public Safety Troy Thomas and City Manager Jason Eppler are subject to liability for the actions of Officers Anderson and Skorka as supervisors. Plaintiff cannot meet the requirements to prove supervisory liability under 42 U.S.C. § 1983. "A supervisory employee cannot be held liable under section 1983 for the constitutional torts of those he supervises unless it is shown 'that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.'" Lillard v. Shelby County Bd of Ed, 76 F.3d 716, 727 (6th Cir. 1996) (quoting Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984)).  The supervisor's liability cannot be grounded solely

12

## IV. CONCLUSION

For the reasons stated above, Defendants request that this honorable

court, grant Defendants' motion for summary judgment and dismiss all claims

against the Defendants with prejudice.

Respectfully submitted,

PLUNKETT COONEY

Dated: February 4, 2013          By:   /s/ David K. Otis
                                 David K. Otis (P31627)
                                 Attorney for Defendants
                                 325 E. Grand River, Ste 250
                                 East Lansing, MI 48823
                                 (517) 324-5612
                                 dotis@plunkettcooney.com

## SIGNATURE AND SERVICE CERTIFICATION

I, David K. Otis, undersigned attorney for Defendants, certify that, on
February 4, 2013, I caused to be electronically filed Defendants' Motion for Summary
Judgment and Brief in Support with the Clerk of the Court using the ECF system and
has caused this filing shall be mailed via U.S. Postal Service to In Pro Per Plaintiff.

Respectfully submitted,

PLUNKETT COONEY

Dated: February 4, 2013          By:   /s/ David K. Otis
                                 David K. Otis (P31627)
                                 Attorney for Defendants
                                 325 E. Grand River Ste 250
                                 East Lansing, MI48823
                                 (517) 324-5612

Open.00560.23191.12542553-1

21

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF IONIA

GWANJUN KIM,

               Plaintiff,

v                                         FILE NO. 12-K-29626-CZ
                                   HON.  SUZANNE HOSETH KREEGER

CITY OF IONIA, JASON EPPLER,
THOMAS TROY, JENNIFER SKORKA
and BRANDON ANDERSON,

               Defendants..

_____/

Plaintiff, In Pro Per

David K. Otis & Michael S. Bogren
Plunkett Cooney
Attorneys for Defendant

_____/

### SUA SPONTE ORDER DISMISSING CASE
At a session of said Court held in the
Courthouse in the City of Ionia, Michigan on
the 12st day of July, 2016

### PRESENT:  HONORABLE SUZANNE HOSETH KREEGER

      This matter having been brought to the attention of the Court by the court administrator indicating that the Federal District Court case was dismissed in July, 2013 when Defendants' motion for summary disposition was granted.  Thereafter, Plaintiff's appeal to the 6th Circuit Court was denied on May 13, 2014 and his request for an En Banc Rehearing was denied on November 20, 2014.  Review of the circuit court file reflects that Plaintiff has taken no further action with this Court.  Accordingly pursuant to MCR 2.504(2) this Court, sua sponte, deems it proper to dismiss this action for no progress, the Plaintiff having taken no further action with this Court;

      **IT IS ORDERED** this case is **DISMISSED.** This is a final order and closes this case.

July 12, 2016

_____
Suzanne Hoseth Kreeger. 8th Circuit Judge

Exhibit L.  The State of Michigan Judicial 8th Circuit,
Clerk of Court was entered enter default MCR 2.603(A) and
Notice of Entry of Default Judgment.MCR 2603(B)(4) in
*Kim I court*[1] case and dismissed herself in this case.

---

[1] The United States District Court for the Western of Michigan *Kim v. City of Ionia,* 12-cv-01195-GJQ and, the Sixth Circuit
No. 13-2084(6th Cir. Apr.29, 2014)

Exhibit M. Defendant- Ionia is a plaintiff at State district <u>criminal court</u> police
ticket no 12494IT1and12494IT2 - appellees (criminal
appeal)and defendant (civil case) at State circuit Court –
Defendants at *Kim I court* U.S. district civil court.

# PRE-TRIAL CONFERENCE SUMMARY

CITY OF IONIA

V.

*Susan Jurrian*                    FILE NO. *1426577*

_____

_____

**OFFENSES:**

*DWLS* _____

____ **DEFENDANT WAIVES RIGHT TO COUNSEL**

____ **DEFENDANT REPRESENTED BY COUNSEL**

____ **DEFENDANT REQUESTS COURT APPOINTED COUNSEL AND ADJOURNMENT**

____ **ITASC REFERRAL**

**THE PARTIES AGREE TO THE FOLLOWING DISPOSITION:**

   ____ **DEFENDANT WAIVES RIGHT TO TRIAL AND**

   ____ **WILL PLEAD TO THE OFFENSE AS CHARGED:**

   ____ **WILL PLEAD TO THE AMENDED CHARGE OF:**

      _____

      _____

____ **THE PROSECUTION REQUESTS DISMISSAL OF THE FOLLOWING CHARGE**
**FOR THE REASON THAT** _____

_____

_____

_____

✓ **PARTIES REQUEST THIS MATTER BE SET FOR TRIAL:** ____ **JURY**

                                            ✓ **NON-JURY**

____ **BOTH PARTIES AGREE TO AN ADJOURNMENT OF THE PRE-TRIAL UNTIL THE NEXT**
**AVAILABLE DATE**

____ **FINES, COSTS, RESTITUTION AND PROBATION TO BE DETERMINED BY THE COURT**

____ **OTHER** _____

_____

_____

_____

**DEFENDANT/DEFENDANT'S ATTORNEY**     **PROSECUTING ATTORNEY**

_____     _____

**DATE** _____     _____

## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

GWANJUN KIM

*Plaintiff,*

Vs.

CITY OF IONIA, JASON EPPLER, TROY THOMAS,
JENNIFER SKORKA, BRANDON ANDERSON AND DAVID K. OTIS

*Defendants*

## PROOF OF SERVICE

On the date below, I mailed with court (1) two (2) copies of the complaint; (2)two civil cover sheets;(3) Three(3)"summons in a civil action" (4) $400.00 filing fee (5) Proof of service and I served to each defendants, complaint and Proof of Service by certified mail with restricted delivery.

David K. Otis (P 31627) Plunkett Cooney
38505 Woodward Ave., ste 100
Bloomfield Hills, MI 48304
(313)983-4801 mmassaron@plunkettcooney.com

Jennifer Skorka; Brandon Anderson; Troy Thomas; Jason Eppler; City of Ionia
114 N Kidd St
Ionia, MI 48846

I declare that the statements above are true to best of my information knowledge and belief.

Dated: August 13, 2020.

GwanJun Kim
10133 Lapeer Rd Apt 316
Davison, MI 48423

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

County in which action arose: _____

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

GwanJun Kim

**DEFENDANTS**

City of Ionia, Jason Eppler, Troy Thomas, Jennifer Skorka, Brandon Anderson, Davis K Otis

**(b)** County of Residence of First Listed Plaintiff   Geness County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

GwanJun Kim
10133 Lapeer Rd Apt 316
Davison Michigan 48423

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                          *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | **PERSONAL INJURY** [ ] 365 Personal Injury - Product Liability | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | **PERSONAL PROPERTY** [ ] 370 Other Fraud | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | **LABOR** | [ ] 480 Consumer Credit |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Management Relations | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 740 Railway Labor Act | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 751 Family and Medical Leave Act | [x] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 790 Other Labor Litigation | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | [ ] 791 Employee Retirement Income Security Act | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** [ ] 540 Mandamus & Other | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 550 Civil Rights | [ ] 871 IRS—Third Party 26 USC 7609 | |
| | | [ ] 555 Prison Condition | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | |

**SOCIAL SECURITY**
[ ] 861 HIA (1395ff)
[ ] 862 Black Lung (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID Title XVI
[ ] 865 RSI (405(g))

**IMMIGRATION**
[ ] 462 Naturalization Application
[ ] 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause: City of IONIA engage in corrupt organization 18 USC § 1964

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 20,000,000.

CHECK YES only if demanded in complaint:
JURY DEMAND:   [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
August 13, 2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## PURSUANT TO LOCAL RULE 83.11

1.        Is this a case that has been previously dismissed?     ■ Yes
                                                                  ☐ No

If yes, give the following information:

Court: <u>United States District Court Eastern District of Michig</u>

Case No.: <u>19-cv-10524</u>

Judge: <u>Judith E. Levy</u>

2.        Other than stated above, are there any pending or previously
             discontinued or dismissed companion cases in this or any other    ☐ Yes
             court, including state court? (Companion cases are matters in which  ■ No
             it appears substantially similar evidence will be offered or the same
             or related parties are present and the cases arise out of the same
             transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes :



USPS TRACKING NUMBER

EXPECTED DELIVERY DAY: 08/17/20

9505 5108 8492 0226 3182 17

GWANJIN KIM
10133 Lapeer Rd # 316
Davison, MI 48423

**PRIORITY MAIL**

UNITED STATES
POSTAL SERVICE®

RECEIVED
AUG 1 8 2020
U.S. DISTRICT COURT
FLINT, MICHIGAN

TO:
The U.S District Court Office of the Clerk
600 Church Street Room 140
Flint, MI 48502

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; October 2018; All rights reserved.



TRACKED*
★ ★ ★
INSURED*

FLAT RATE ENVELOPE
ONE RATE ★ ANY WEIGHT*

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

UNITED STATES
POSTAL SERVICE®

P

PRIORITY MAIL 2-DAY™

US POSTAGE PAID
$7.75

Origin: 49684
09/73/20
2547100545-06

Retail

2 lb 8.60 oz

PRIORITY®
MAIL

EP14F Oct 2018
OD: 12 1/2 x 9 1/2

PS00001000014

* Domestic only. For Domestic shipments, the maximum weight is 70 lbs. For International shipments, the maximum weight is 4 lbs.